## In Re Lake Sadawga Dam

[159 A.2d 337]

January Term, 1960

Present: **Hulburd, C. J., Holden and Shangraw, JJ. and Divoll and Daley, Supr. JJ.**

Opinion Filed March 2, 1960

*Ralph Chapman* and *Victor A. Agostini* for the appellant.

*Francis E. Morrissey* and *John P. Morrissey* for the appellees.

*Louis P. Peck*, Legal Assistant to Attorney General, for the State.

**Hulburd, C. J.** In 1947 the legislature brought into being the Vermont State Water Conservation Board. In setting up this body, the creating statute expressly provided that its authority "should not infringe upon the powers and duties of * * * * the public service commission respecting water used for the development of hydroelectric power."

Sec. 5 of No. 83 of the Acts of 1947. The succeeding legislature by No. 223 of the Acts of 1949 further apportioned powers between the public service commission and the water conservation board, this time with respect to dams. Just where the line was drawn between the two need not be gone into at present. The important thing to note is that neither body was given authority as to all dams. (By No. 203 of the Acts of 1959, the line of demarcation between the domains of the public service commission and the water conservation board were drawn a little more precisely, but to go into this would be to get ahead of our present concern.)

With the statutory situation being as we have outlined it, in 1956 a petition was presented to the water conservation board by various property owners requesting regulation of the water level of Lake Sadawga. Hearings were had, and an "interim order" issued requiring Houghton N. Sawyer, owner of the dam and appellant in this proceeding, to maintain the water at a specified level. Sawyer complied with the order but took an appeal with respect to it to Windham County Court of Chancery. Prior to the outcome of this appeal, the board, upon its own motion, initiated proceedings under what was then V. S. 47, § 9407 as amended by No. 223 of the Acts of 1949 (now 10 V. S. A. § 714). In so doing, the water board undertook to inquire into the safety of the dam in question and to order its reconstruction, repair or removal as might be necessary. By initiating this sort of action, the same board which was in the process of determining a dispute between parties, became, in effect, a plaintiff in a closely related matter. Thus the judge became, at the same time, a prosecutor. Such a situation calls for appropriate circumspection on the part of the reviewing court.

This case is here on appeal (taken pursuant to 10 V. S. A. §718) from an order of the board wherein Sawyer, as the owner of the dam, was ordered to effect certain specified changes in height and width of its spillway for safety reasons. This order followed interspersed hearings on both the water-level question and the dam-safety problem. It is the order concerning dam-safety which is here for review. The extended

hearings relative to this question finally eventuated in findings of fact whose meager substance may be summarized as follows:

At the outlet of Lake Sadawga in Whitingham, Vermont, is a concrete and masonry dam. Title to this structure is in the appellant. The pond itself has a surface area of approximately 202 acres when filled to its spillway capacity as it existed "at the time of the initial proceeding." It's drainage area is approximately 4.33 square miles. The findings then go on to state:

> "6. Sufficient flood capacity cannot be obtained with the outlet structure as it existed at the date of the initial proceedings or by any other means without alteration of said structure, and accordingly, as it existed at the time of said initial proceedings the structure was not safe.

> "7. There is no one presently charged with the responsibility of operating the outlet gates of the dam in case of flood or other emergency conditions and in fact the gates are presently partially inoperable."

In the following finding, the board quotes from its order fixing the water level in the other proceeding referred to earlier. (As to this order it must be remembered that an appeal is now pending in Windham County Court of Chancery.) The apparent purpose of bringing into the findings the order in the other proceeding was to make explicit how the appellant could meet the previous order and the one about to issue in this matter. The findings then proceeded to offer two possibilities, one basically requiring fully operative gates plus a gate keeper in constant attendance, the other an alteration of the height and width of the dam spillway to certain specifications.

Having made the foregoing findings, the board did not adopt a tested mode of procedure which allows an interval of time for motions and for requests for further findings before final order. Instead, both findings and order were issued together and the appellant was confronted with an order which directed him to forthwith effect such changes in the outlet structure as might be necessary to establish a spillway as specified in the findings. The alternative remedy for correcting the situation by a gate operator in constant attendance was

370

discarded by the board as impractical.

By reason of the procedure adopted below by the board, we are required by justice to allow the appellant the widest scope on his appeal. He has briefed four grounds of objection to the board's action. The first of these is that the board had no jurisdiction to make the order appealed from.

■■■■ It will be recalled that, at the outset of this opinion, we called attention to the fact that the water conservation board was given jurisdiction over certain dams and the public service commission as to certain others. Under such circumstances, jurisdiction must affirmatively appear in each case. *Special Indemnity Fund* v. *Prewitt*, 210 Okl. 308, 205 P. 2d 306. Whereas a reviewing court is required, when it can do so consistently with the record, to presume that a court of general jurisdiction regularly acquired and lawfully exercised its jurisdiction, no such presumption of jurisdiction is indulged in where the lower court is one of limited or special jurisdiction. *Town of Huntington* v. *Town of Charlotte*, 15 Vt. 46; 20 Am. Jur. p. 172.

■■ ■■ A public administrative body has such adjudicatory jurisdiction as is conferred on it by statute. 73 C. J. S. Public Administrative Bodies, §116; *Trybulski* v. *Bellows Falls-Hydro Electric Corp.*, 112 Vt. 1, 7, 20 A.2d 117. The commission or board must determine and make findings of the facts necessary to show that the power it exercised did exist. *Special Indemnity Fund* v. *Prewitt, supra.* This the water board did not do. Not only is there no finding as to the nature of the dam, but there was no evidence taken in the proceeding on this point. The appellees themselves assert an examination of the transcript reveals this to be so. Since a jurisdictional finding supported by evidence is lacking, the board had no basis for issuing its order, and we, in turn, are not left in a position to pass on a question which the litigants would like to have us pass on, namely, whether dams used for the generation of electric power solely for the owner's use fall to the public service commission's jurisdiction or the water board's, or neither.

■■ The outcome is not so unfortunate as it might first appear since the order made by the water board could not have stood in any event because it is related "to the time of said initial proceedings." In order to forestall future trouble we point out that the findings as presented to us were all made from this point of view. As a result, the order seeks to correct a situation which apparently changed after the proceedings started and may change yet again. There is no finding that the dam is presently unsafe. An order should be directed to a condition which exists at the time that the order is entered. Compare, *United Corporation* v. *Federal Trade Commission*, 110 F.2d 473.

Since this proceeding was started, the legislature has passed No. 203 of the Acts of 1959. If a proper factual situation is developed, there should be no jurisdictional problem in a *de novo* proceeding.

*Order vacated and proceedings dismissed without prejudice. Let the result be certified to the Vermont State Water Conservation Board.*