**Henry Ohland and American Federation of State, County and Municipal Employees (Montpelier Police Department Local) v. Roland Dubay, City Manager and Arthur McClellan, Montpelier Chief of Police**

[336 A.2d 203]

No. 190-74

Present: Smith, Keyser, Daley and Larrow, JJ., and Shangraw,

C.J. (Ret.), Assigned

Opinion Filed April 1, 1975

*Thomas & Alexander,* Burlington, for Plaintiff.

*McKee, Clewley & FitzPatrick,* Montpelier, for Defendant.

**Daley, J.** As a result of the discharge of Henry Ohland from his employment as a police officer for the City of Montpelier, the plaintiffs filed a charge of unfair labor practice with the State Labor Relations Board. Hearing was held upon the complaint and answer filed by the defendants. Findings of fact were made. Based upon these findings of fact and conclusions of law, the Board dismissed the complaint. From such action plaintiffs appeal, contending that the evidence does not support the findings and the findings do not support the ultimate decision reached by the Board.

The rights of the parties arise out of Title 21, Chapter 22, of the Vermont Statutes Annotated, entitled Vermont Municipal Labor Relations Act. Like the Federal Labor Relations Act contained in 29 U.S.C., Ch. 7, Title 21 V.S.A. § 1726(a)(1) makes it an unfair labor practice to interfere with, restrain, or coerce employees in the exercise of their statutorily guaranteed rights. It is an unfair labor practice for an employer to encourage or discourage membership in an employee organization by discrimination in regard to hiring or tenure of employment or by any term or condition of employment. 21 V.S.A. § 1726(a)(3). 21 V.S.A. § 1726(a)(4) categorizes as an unfair labor practice actions which discharge or otherwise discriminate against an employee because he has filed charges or complaints or given testimony under Chapter 22 of Title 21.

The Board has decided that no unfair labor practice was committed under 21 V.S.A. § 1726(a)(1), (3), or (4). Its decision on questions of law is reviewable here by virtue of 21 V.S.A. § 1727(d). Chief among these is whether the Board erroneously dismissed the complaint in accordance with the preponderance of the evidence standard set forth in 21 V.S.A. § 1727(d). That section provides:

> If upon the preponderance of the evidence, the board finds that any person named in the complaint has engaged in or is engaging in any unfair labor practice, it shall

state its finding of fact in writing and shall issue and caused to be served on that person an order requiring him to cease and desist from the unfair labor practice, and to take such affirmative action as the board shall order. If upon the preponderance of the evidence the board does not find that the person named in the complaint has engaged in or is engaging in any unfair labor practice, it shall state its findings of fact in writing and dismiss the complaint.

An examination of the evidence reveals that Mr. Ohland was instrumental in forming the Police Benevolent Association and became its president. In Feburary 1974, the employee organization voted to affiliate itself with the American Federation of State, County, and Municipal Employees. Ohland continued in his role as spokesman. The union was designated as collective bargaining agent for the Montpelier Police Department by the Board's order of April 9, 1974. Before the union's collective bargaining position was achieved, Ohland received a written letter of dismissal on March 28, 1974. He was one week shy of becoming a permanent employee entitled to notice and hearing for cause as provided in the City Employees Personnel Plan, § 2–720(b).

Plaintiffs contend that both defendants, City Manager Dubay and Police Chief McClellan, brought about the complainant's dismissal because of his union activity and his alleged activities in bringing about an investigation of the city police department. The defendants have testified that the basis for Ohland's dismissal was his inability to perform routine police work in a competent fashion.

■ At the heart of any employment discharge allegedly linked with anti-union discrimination is the question of employer motivation. *N.L.R.B.* v. *Advanced Business Forms Corp.*, 474 F.2d 457 (2d Cir. 1973). Was the employee discharged for cause in this case for unsatisfactory work performance or was there an unlawful basis for his discharge? *Bryant Chucking Grinder Co.* v. *N.L.R.B.*, 389 F.2d 565 (2d Cir. 1967). Guidelines in examining this question include whether the employer knew of the employee's activity in the union, whether there was a climate of coercion, and whether

the timing of discharge was suspect. The success of a union local in its battle for recognition as a collective bargaining agent is not necessarily material to an ascertainment of interference or coercion in regard to union activity. *International Bro. of Electrical Workers* v. *N.L.R.B.*, 487 F.2d 1113, 1126 (D.C. Cir. 1972).

The Board had before it conflicting testimony not only of Mr. Ohland's performance as an officer, but also statements made by the defendants which the plaintiffs claim demonstrate an anti-union animus. The credibility of the witnesses and the weight to be given their testimony was primarily a question for the special expertise of the Board. *International Association of Firefighters, Local No. 2287* v. *City of Montpelier*, 133 Vt. 175 (1975). The Court is bound by the principle that regardless of inconsistencies or even substantial evidence to the contrary, if credible evidence supports a finding, then it must stand. *Diamond National Corp.* v. *Szerbik*, 129 Vt. 452, 456, 282 A.2d 806 (1971).

The Court notes that the Board has stated legal conclusions of law relating to the absence of any unfair labor practice in its findings. This is not grounds for a reversible error, for if a conclusionary finding can be sustained by the facts previously found, then the ultimate finding can stand. *Krupp* v. *Krupp*, 126 Vt. 511, 515, 236 A.2d 653 (1967). Since the Board's findings are supported by credible evidence and legitimate inferences which fall within the Board's special province, the Court is bound by the conclusion that there were no violations of the Municipal Labor Relations Act.

The appellant also argues that the Board erred in concluding that he was a probationary employee. It is fair to say that both he, his employer, and the Board considered his status to be a probationary one. The finding of the probationary status by the Board becomes irrelevant if the Board's determination of the focal issue regarding unfair labor practice is sustained. The Court finds that the Board's dismissal of the complaint was appropriately taken pursuant to 21 V.S.A. § 1727(d).

*Affirmed.*