## In re Grievance of Robert A. Young

[367 A.2d 665]

No. 237-75

Present: Barney, C.J., Daley, Larrow and Billings, JJ. and Shangraw, C.J. (Ret.), Specially Assigned

Opinion Filed December 7, 1976

570

**Per Curiam.** The appellant Robert A. Young, a classified State employee, received a performance evaluation and rating of "adequate" from his immediate supervisor for the period July 1, 1973, through June 30, 1974. Contending that this rating was unfair and unequitable and seeking to have his overall rating raised to "fully satisfactory", he pursued grievance procedures set forth in the collective bargaining agreement in existence at that time. The State Employees Labor Relations Board, pursuant to the provisions of 3 V.S.A. § 926, held a de novo hearing and, upon consideration of the evidence presented before it, dismissed the appellant's claim. He argues before this Court that the findings of the Board are not supported by the credible evidence and therefore do not sustain the conclusions and decision which it rendered. He also maintains that the dismissal of his grievance by the Board was arbitrary and capricious. Upon a review of the record, we disagree and affirm the Board's decision.

The Legislature has provided that final determination on grievances of State employees is to be vested in the State Employees Labor Relations Board. 3 V.S.A. § 926. We will not disturb findings made by an administrative body such as this Board absent a showing that the findings were clearly erroneous. *In re Weyerhaeuser Co.*, 132 Vt. 121, 123, 315 A.2d 446 (1974); *Petition of Green Mountain Power Corp.*, 131 Vt. 284, 303, 305 A.2d 371 (1973). This Court presumes the actions of an administrative body to be correct, valid and

reasonable, with a clear and convincing showing required to overcome the presumption. *International Association of Firefighters* v. *Montpelier*, 133 Vt. 175, 178, 332 A.2d 795 (1975); *In re Devoid*, 130 Vt. 141, 148, 287 A.2d 573 (1972). No such showing has been made in the present case. Upon the conflicting evidence, the Board found that the appellant, a teacher of the machine trades at the Weeks School in Vergennes, had been advised by his supervisor that he was expected to participate in an extracurricular program at the school. The Board noted in its findings that the appellant had engaged in limited activity with students outside the classroom, but that this did not meet the standard required of him by the job description and by his supervisor. It further found that the appellant's performance rating was not the result of unfairness or prejudice. The record reveals evidentiary support for the Board's findings of fact, and hence the conclusions of law which it reached can be supported. The Board, in the exercise of its special competence and expertise, considered the credibility of witnesses and determined the weight to be given their testimony. Such determinations must stand if supported by credible evidence. *Ohland* v. *Dubay*, 133 Vt. 300, 303, 336 A.2d 203 (1975). Our review of the record also refutes any claim of arbitrary, capricious or unreasonable action on the part of the Board.

*Judgment affirmed.*