# In re Grievance of Albert Brooks

[382 A.2d 204]

No. 149-77

Present: Barney, C.J., Daley, Larrow, Billings, and Hill, JJ.

Opinion Filed December 6, 1977

*Alan S. Rome,* Vermont State Employees' Association, Montpelier, for Plaintiff.

*M. Jerome Diamond,* Attorney General, and *Louis P. Peck,* Chief Assistant Attorney General, Montpelier, for Defendant.

**Billings, J.** This is an appeal by the State of Vermont pursuant to 3 V.S.A. § 1003 from an order of the Vermont Labor Relations Board, rendered in a grievance proceeding under 3 V.S.A. § 926. The Board made findings of fact and conclusions of law and ordered *inter alia* reinstatement of the grievant, a state employee who had been discharged because of repeated altercations with fellow employees. Pursuant to V.R.A.P. 13(d), four questions have been certified for review.[1]

Albert Brooks, the grievant, had been an employee of the State Military Department for a period of six years prior to his dismissal. In his capacity as a building custodian at Camp Johnson in Winooski, he earned a reputation as a good worker who took great pride in his work. His relations with fellow employees, however, were marked by several severe arguments. In the six months prior to his dismissal, grievant had serious disagreements with fellow workers on at least two occasions, one of which involved the use of physical force

---

[1]Appellant requested the Board to certify eighteen questions for review. However, at oral argument appellant waived any possible error in the Board's failure to certify all eighteen questions.

against a female co-worker. These facets of grievant's work performance were reflected in a written performance evaluation for the year ending June 30, 1976, in which grievant's overall performance was rated satisfactory, while his relationship with co-workers was rated less than satisfactory. Grievant's supervisors had numerous conferences with grievant concerning his problems with his co-workers and finally changed his work hours to lessen his contacts with other employees.

The altercation precipitating grievant's dismissal occurred during the evening of August 11, 1976, and involved a second female employee, who was on duty that evening. Although no physical violence occurred, grievant became very angry and directed abusive language at the employee, after which she left work. After an investigation by grievant's superiors, grievant was dismissed by a letter dated August 20, 1976. The letter stated as reason for the dismissal grievant's repeated conflicts with co-workers "to the point where some degree of violence has occurred and which [act] to the detriment of the proper functioning of this department."

Thereafter, the Vermont State Employees' Association, Inc. filed a grievance with the Board on behalf of the grievant. After a hearing, the Board ordered that grievant be reinstated effective October 22, 1976, with back pay, less any sums of money earned since that date, and recommended that he be transferred from Camp Johnson. The Board based this order on the State's failure to follow "generally accepted principles of orderly, progressive discipline," which it found to be the procedure normally called for by State employee regulations. The Board further ordered that the grievant be offered counselling under the State Employees' Assistance Program along with whatever additional professional counselling the State deemed necessary.

■ The Vermont Labor Relations Board is an administrative body created by the Legislature to perform various designated duties. 3 V.S.A. §§ 901 et seq. Among these duties, the Board has the delegated power to hear and determine grievances. 3 V.S.A. § 926. In grievance proceedings, the Board acts as a quasi-judicial body, determining questions of law and fact as an

incident to the performance of its administrative duties. *Trybulski* v. *Bellows Falls Hydro-Electric Corp.*, 112 Vt. 1, 8, 20 A.2d 117, 120 (1941).

In a grievance proceeding, the Board's jurisdiction is dictated by 3 V.S.A. § 902(14), which defines grievance as follows:

> "Grievance," means an employee's, group of employees', or the employee's collective bargaining representative's expressed dissatisfaction, presented in writing, with aspects of employment or working conditions under collective bargaining agreement or the discriminatory application of a rule or regulation, which has not been resolved to a satisfactory result through informal discussion with immediate supervisors.

In the instant case, the Board's grievance jurisdiction was predicated on grievant's expressed dissatisfaction with aspects of employment, *i.e.* his dismissal, under the collective bargaining agreement,[2] which provided that the employer could "dismiss an employee for just cause with two weeks notice or two weeks pay [in] lieu of notice."[3] The notice of dismissal in the case at bar is not challenged here. Thus, the issue for the Board was whether grievant was dismissed for just cause.

---

[2]In the proceeding below, the Board merely read into the record the part of the agreement concerning dismissal for just cause. The better practice is to admit the complete collective bargaining agreement into evidence. This is especially true where, as here, the Board is charged by 3 V.S.A. § 902(14) with determining whether there is compliance with the collective bargaining agreement.

[3]The collective bargaining agreement also requires that "[w]ritten notice of dismissal [be] given to the employee within twenty four hours of verbal notification. In the dismissal notice, the appointing authority shall state the reason, or reasons, for dismissal and inform the employee of his rights to appeal dismissal [to] the State Labor Relations Board...." The parties are agreed that the State complied with the written notice requirements.

Appellant's primary objection to the Board's decision is the failure of the Board to address the fundamental issue before it, the existence or nonexistence of just cause to dismiss the grievant. The Board made no express finding as to just cause in its order. Instead, the Board ordered reinstatement of the grievant on the grounds that the State had failed to use step or progressive discipline, which the Board found to be the procedure normally required by the State employee regulations. Unless this finding by the Board is equivalent to a determination that no just cause existed for dismissal of the grievant, the Board's order is fatally defective for failure to address the fundamental issue before it.

The appellant objects to the Board's finding relating to step or progressive discipline. The Board's finding states in relevant part:

> The State employee regulations normally call for a step discipline, that is to say, that the offender is normally counselled and advised, then if this does not work, he is reprimanded, then suspended in more serious cases, and finally discharged or dismissed if all other efforts at guidance and discipline fail.

Appellant contends that there is no evidence in the record to support this finding.

This Court will not disturb findings of fact unless they are shown to be clearly erroneous. *In re Young*, 134 Vt. 569, 570, 367 A.2d 665, 666 (1976). Even if there is substantial evidence contrary to a challenged finding, the finding must stand if supported by credible evidence. *Ohland* v. *Dubay*, 133 Vt. 300, 303, 336 A.2d 203, 205 (1975).

The only evidence in the record tending to support the challenged finding is an exhibit titled "Employee Discipline - A Guide for Supervisors" published by the Vermont State Department of Personnel, which recommends a policy of progressive discipline. However, the parties stipulated, and the Board recognized in its order, that this document does not

establish mandatory policies to be followed by the State. Moreover, there is no evidence in the record that this guide is a regulation or that it is normally followed. Thus, the Board's finding is not supported by credible evidence and is clearly erroneous. We do not decide what precise impact the Board finding would have had on the issue of just cause had it been supported by credible evidence.

Appellee argues that progressive discipline is inherent in the concept of just cause. We disagree.

■ ■ The objective of a just cause clause in a collective bargaining agreement is to remove from the employer the right to fire arbitrarily his employees. *Carter* v. *United States*, 407 F.2d 1238, 1244 (D.C. Cir. 1968); see *Smith* v. *Highway Board*, 117 Vt. 343, 348, 91 A.2d 805, 808 (1952). Just cause means some substantial shortcoming detrimental to the employer's interests, *Civil Service Commission of Tucson* v. *Livingston*, 22 Ariz. App. 183, 187, 525 P.2d 949, 953 (1974), *cert. denied*, 421 U.S. 951 (1975), which the law and a sound public opinion recognize as a good cause for his dismissal. *Colaw* v. *University Civil Service Merit Board*, 37 Ill. App. 3d 857, 865, 341 N.E.2d 719, 726 (1975). Instances of repeated conduct insufficient of themselves may accumulate so as to provide just cause for dismissal. *Id.* at 869, 341 N.E.2d at 728 (Barry, J., dissenting).

■ The ultimate criterion of just cause is whether the employer acted reasonably in discharging the employee because of misconduct. *Carter* v. *United States, supra*, 407 F.2d at 1244. We hold that a discharge may be upheld as one for "cause" only if it meets two criteria of reasonableness: one that it is reasonable to discharge employees because of certain conduct, and the other, that the employee had fair notice, express or fairly implied, that such conduct would be ground for discharge. *Id.*; *Civil Service Commission of Tucson* v. *Livingston, supra*, 22 Ariz. App. at 188, 525 P.2d at 954. On the issue of fair notice, the ultimate question for the Board is whether the conduct was or should have been known to the employee to be prohibited by the employer. The standard is an objective one. *Id.*

■ It is apparent that progressive discipline is not inherent in the concept of just cause, and the Board's order is thus fatally defective. This is not to say that the parties could not negotiate the requirement of progressive discipline into the collective bargaining agreement. Nor do we mean to preclude the parties from varying the above stated definition of just cause either expressly in the agreement or implicitly by their conduct. We simply hold that where, as here, there is no evidence of variance by the parties the phrase "just cause" carries the meaning we have ascribed to it.

From a review of the record and evidence before us, we find just cause for grievant's dismissal to exist as a matter of law. We find that the State acted reasonably in discharging grievant for his repeated serious misconduct and that grievant had fair notice from the circumstances that this conduct would be ground for discharge. The Board's order reinstating grievant is error.

Appellant has alleged several other errors by the Board upon which we will comment. First, appellant claims that the Board erred in excluding testimony offered by the appellant to show the extent and seriousness of the altercations between grievant and fellow employees in the six month period prior to the incident causing the dismissal.

■ The Board is not bound by the rules of evidence in its proceedings. 3 V.S.A. § 928(b)(3). Moreover, there is a presumption that actions of an administrative body are correct, valid and reasonable. *In re Young, supra,* 134 Vt. at 570-71, 367 A.2d at 666. As a quasi-judicial body, however, the Board is bound to grant the parties a fair and open hearing. *Vermont Real Estate Commission* v. *Martin,* 132 Vt. 309, 312, 318 A.2d 670, 672 (1974). In particular, its rulings must comport with the essentials of due process. *Petition of Green Mountain Power Corp.,* 131 Vt. 284, 293, 305 A.2d 571, 577 (1973). At the core of due process is the right to an opportunity to be heard. *Vermont Real Estate Commission* v. *Martin, supra,* 132 Vt. at 311, 318 A.2d at 672. By statute Vermont has recognized the right of parties to present witnesses, give evidence, and examine witnesses before the Board. 3 V.S.A. § 928(b)(6).

We are convinced that appellant was denied a meaningful opportunity to be heard when the Board restricted its presentation of evidence on the nature of the pre-August 11 incidents. As discussed above, the ultimate criterion in determining just cause is whether the employer acted reasonably in discharging an employee on the grounds of misconduct. *Carter* v. *United States, supra,* 407 F.2d at 1244. The basis of the just cause for dismissal here is the grievant's past misconduct, which according to appellant indicates the grievant has a potential for more serious misconduct in the future. The severity of the prior incidents pertains directly to the reasonableness of this concern and thus to the justification for the dismissal. It was error for the Board to exclude this evidence.

Finally, the appellant urges that the Board's order exceeded its powers and lacked certainty and definiteness. In particular, appellant objects to the Board's order that grievant be offered counselling under the State Employees' Assistance Program. Appellant also questions the Board's power to recommend that grievant be transferred from Camp Johnson and complains that the reinstatement order is unclear as to the back pay requirement.

■ The Board, as a public administrative body, has such adjudicatory jurisdiction as is conferred on it by statute. *In re Lake Sadawga Dam,* 121 Vt. 367, 370, 159 A.2d 337, 339 (1960). The Board's jurisdiction in grievance proceedings is governed by 3 V.S.A. § 902(14) and here is limited solely to determining whether there was just cause for the dismissal of grievant under the collective bargaining agreement. If the Board properly finds a lack of just cause in a case such as this one, its power under 3 V.S.A. § 902(14) is limited to remedying the improper dismissal, absent provisions in the collective bargaining agreement providing for further action. Generally, the proper remedy for improper dismissal is reinstatement with back pay and other emoluments from the date of the improper discharge less sums of money earned or that without excuse should have been earned since that date. See *Phelps Dodge Corp.* v. *National Labor Relations Board,* 313 U.S. 177, 197-98 (1941).

We find no basis in law or in the portion of the collective bargaining agreement we have before us for the Board's order that counselling be offered or for its recommendations of transfer. Thus, the Board exceeded its powers when it included these provisions in its order.

We do not reach appellant's complaint concerning the back pay requirement in view of our disposition of this matter.

*Reversed; the order of the Vermont Labor Relations Board is vacated, and the dismissal is reinstated.*