### In re Grievance of Donald L. McMahon and Vermont State Employees' Association

[394 A.2d 1136]

No. 134-78

Present: Barney, C.J., Daley, Larrow, Billings and Hill, JJ.

Opinion Filed October 31, 1978

*Alan S. Rome*, Montpelier, for Plaintiff.

*M. Jerome Diamond*, Attorney General, and *Jeffrey L. Amestoy*, Assistant Attorney General, Montpelier, for Defendant.

**Daley, J.** This is an appeal from a dismissal by the Vermont Labor Relations Board of a public employee's grievance that his position was not properly classified.

The grievant is a quality assurance specialist with the Department of Rehabilitation Services. The position is classified as a Pay Scale (P.S.) 14, but he contends that, because of the actual responsibilities and duties of his work, it should be reclassified to a P.S. 16 or higher. His job has been reviewed a number of times. The Department of Personnel followed its usual procedure in evaluating the position. It interviewed the grievant and his superior; it examined the job description; it considered the nature and scope of the position in the context of the Department of Rehabilitation Services as well as within state government generally. And it concluded that the grievant's responsibilities were consistent with a P.S. 14 grading. The Advisory Classification Committee, which reviewed the Personnel Department's action, also rendered its opinion that the pay grade was appropriate.

The grievant then presented his case to the Vermont Labor Relations Board (Board). The Board found that the grievant had not been treated with discrimination, maliciousness, unreasonableness, capriciousness, or arbitrariness by the Department of Personnel or by the Advisory Classification Committee, and therefore dismissed the grievance. The Board also stated that although the grievant was not formally in a supervisory position he was performing work a "notch or two" more responsible than that of his colleagues. It therefore advised that he be employed at a higher pay grade. However, it did not mandate that result, reasoning that it is not a "super classification review board."

The essence of the appellant's grievance is not the claim of improper or unfair classification but a request to have the position itself reclassified.

Classification of state personnel is a statutory function conferred upon the personnel board by 3 V.S.A. chapter 13. Section 310 of this chapter requires the personnel board to adopt a uniform and equitable plan of classification for each position within state service except for certain excluded positions not material here. There is no authority in the legislative scheme for reclassification by the Labor Relations Board.

The Board, as a public administrative body, has such adjudicatory jurisdiction as is conferred on it by statute. *In re Brooks,* 135 Vt. 563, 570, 382 A.2d 204, 208 (1977); *In re Lake Sadawga Dam,* 121 Vt. 367, 370, 159 A.2d 337, 339 (1960). Its jurisdiction extends to the power to hear and make final determinations on the grievances of public employees. 3 V.S.A. § 926. A grievance has a specific meaning within the context of the statute. It is defined as an expressed dissatisfaction with aspects of working conditions under a collective bargaining agreement or the discriminatory application of a rule or regulation, which has not been resolved to a satisfactory result through informal discussion with immediate supervisors. 3 V.S.A. § 902(14).

■ A request to reclassify a job grade does not fall within the statutory definition of a grievance and is, therefore, not within the jurisdiction of the Labor Relations Board.

■ The grievant argues broadly that because the Personnel Rules and Regulations adopted by the Department of Personnel require it to "maintain an equitable classification and compensation program," Personnel Rules and Regulations 1.01(3), the Board's statement that although the grievant is not "acting in a supervisory role, he is doing work a notch or two above his grade," and its suggestion that he "should be employed in a more responsible position at a higher rate of pay," are a finding that the classification program is inequitable and discriminatory. We cannot agree. The record clearly reveals that the statements were purely advisory and that they were superfluous to the Board's decision. Furthermore, the personnel rules and regulations were not introduced into evidence by the grievant nor did he request the Board to notice them. Since the claim is made here for the first time, we will not consider it. The grievant cannot present issues to this Court which were not previously placed before the Board for its consideration. *Kuhn* v. *Department of Employment Security,* 134 Vt. 292, 293, 357 A.2d 534, 535 (1976).

■ The findings of the Board as to the lack of discrimination, not being clearly erroneous, will not be disturbed. *In re*

*Brooks, supra,* 135 Vt. at 567, 382 A.2d at 207; *In re Young,* 134 Vt. 569, 570, 367 A.2d 665, 666 (1976).

The Board's decision in dismissing the grievance is correct in fact and law.

*Judgment affirmed.*