# In re James D. Sparkman, Jr., d/b/a Manchester Country Properties

[510 A.2d 1317]

Nos. 84-191 and 84-478

Present: **Allen, C.J., Hill, Peck, Gibson and Hayes, JJ.**

Opinion Filed April 18, 1986

*John J. Easton, Jr.*, Attorney General, and *Samuel E. Johnson*, Assistant Attorney General, Montpelier, for Plaintiff-Appellee.

*O'Neil & Chamberlain, P.C.*, Manchester Center, for Defendant-Appellant.

*Thomas F. Heilmann*, Burlington, for amicus curiae Vermont Association of Realtors, Inc.

**Hill, J.** This is an appeal from an order of the Real Estate Commission (Commission) of March 22, 1984, and also an appeal from a subsequent Commission order of September 13, 1984, amending the earlier order in part and considering additional charges against defendant Sparkman, a licensed real estate broker. We have joined these cases for purposes of argument and disposition. We reverse the first order and vacate the second order.

Between the first and second hearings in this case, defendant filed an appeal of the first order in this Court. After the appeal was perfected, defendant and the Commission agreed informally

that defendant would withdraw his appeal and the Commission would reconsider its action.

Appellate Rule 42(a) provides for voluntary dismissal in the trial court before docketing of the appeal or in the Supreme Court thereafter by stipulation or upon motion by the appellant. Reporter's Notes, V.R.A.P. 42. Although defendant tried to convince the attorney general's office to enter into such a stipulation, the latter refused to do so. As the initial appeal was never withdrawn, the Commission was without authority to reconsider the first order. Its order of September 13 was therefore a nullity and will not be reviewed on appeal.

The facts pertinent to the appeal of the March 22, 1984, order are as follows. Defendant uses a standard Lease/Rental Agreement in his real estate practice which includes the following provision:

> IT IS FURTHER AGREED, THAT in the event the LESSEE or guests shall purchase this premise or rent the same [for the next succeeding lease period corresponding to the express term of the lease] the LESSOR agrees to pay the standard rate of commission to MANCHESTER COUNTRY PROPERTIES.

The Lease/Rental Agreement is signed by the lessor and the lessee, as well as the broker. Defendant collected a renewal commission pursuant to the above-cited provision whenever the lessee re-leased the premises for the succeeding lease period. The attorney general's office contends, and the Commission concluded, that this practice violated Vermont Real Estate Commission Rule 2.11 (2)(d).

Commission Rule 2.11(2)(d) provides:

> (2) Before showing real estate for sale, lease or rent, you must have executed a written contract with the seller listing said real estate for sale, lease or rent, or the express permission of the broker who has such a listing agreement. A listing agreement shall contain:
>
> . . . .
>
> (d) The agreement date and specific expiration date not to exceed twelve (12) months from the date of agreement. A listing agreement cannot contain any provision or automatic extension or renewal beyond the expiration date.

According to the Commission, the rule was adopted "for the purpose of preventing a licensee from controlling a parcel of property for an unreasonable period of time whether it be for purposes of selling said property or only renting same."

Although this Court presumes the actions of an administrative body to be correct, valid, and reasonable, see *In re Young*, 134 Vt. 569, 570-71, 367 A.2d 665, 666 (1976), we fail to see how the challenged provision in defendant's Lease/Rental Agreement contravenes the rule or its stated purpose. It does not give defendant continuing authority to advertise the property or show it to other prospective tenants. Moreover, as defendant rightly points out, there is nothing in that provision which prevents an owner/lessor from listing the property with any other licensee or from renting or selling the property to someone other than the lessee procured by defendant. In short, the so-called renewal provision does not convert the lease into a listing agreement; it contractually binds the owner of the property to pay the broker a commission if the lessee purchases or re-leases the property.

According to the Commission, "a [brokerage] commission can only be obtained if there is legitimate representation and legitimate representation requires there be a listing agreement in place at the time the commission is earned." While this may ultimately be the best way to regulate brokerage contracts, it is not our role to make policy in this area. We see nothing under the rules as written to prohibit a broker from recovering a commission when a lessee renews a lease he arranged even though he is no longer the broker of record for the property at the time the renewal occurs. Consequently, the Commission's order of March 22, 1984 must be reversed.

*Vermont Real Estate Commission order of March 22, 1984 is reversed. Vermont Real Estate Commission order of September 13, 1984 is vacated.*