**Johnny R. ARMSTRONG, Appellant (Plaintiff),**

v.

**AMERICAN COLLOID COMPANY, a Delaware corporation, and Myron R. Durtsche, Jr., Appellees (Defendants).**

No. 85–247.

Supreme Court of Wyoming.

June 24, 1986.

Joseph E. Darrah, Powell, and Michael K. Davis (argued) of Redle, Yonkee & Arney, Sheridan, for appellant.

Ross D. Copenhaver, Powell, and Michael Golden (argued) of Williams, Porter, Day and Neville, Casper, for appellees.

Before THOMAS, C.J., and BROWN, CARDINE, URBIGKIT and MACY, JJ.

CARDINE, Justice.

This is a case in which appellant claims he was wrongfully discharged by his employer. The same dispositive issues that were involved in *Leithead v. American Colloid Company*, Wyo., 721 P.2d 1059 (1986) are presented in this case. In an amended complaint, the discharged employee, John Armstrong, claimed that his employer, American Colloid Company, and his supervisor, Myron Durtsche Jr., were liable for damages on the theories of:

a.  Breach of Employment Contract;

b.  Malicious Conspiracy and Interference with Employment;

c.  Breach of the Implied Covenant of Good Faith and Fair Dealing;

d.  Discharge in Violation of Public Policy;

e.  Intentional Infliction of Emotional Distress;

f.  Misrepresentation; and

g.  Promissory Estoppel.

American Colloid and Mr. Durtsche moved for summary judgment, which was granted by the district court on all claims. Appellant Armstrong has raised only four of the claims on appeal, and three of them are really just alternatives to his primary contention of breach of contract. Because we agree with appellant that he could only be discharged for cause under his contract, and because we will reverse and remand on that basis, we need not discuss his three alternative issues: promissory estoppel, the covenant of good faith, and discharge against public policy.

In August of 1979, Mr. Durtsche invited appellant to his office to discuss a job opportunity with American Colloid. Appellant had lost his prior job a week earlier. At the meeting, Mr. Durtsche offered appellant a position as a scraper operator and told him that it was a steady job that he could have as long as he wanted to stay. Appellant accepted the offer and went to work immediately.

Appellant did not sign a contract; but, soon after joining the company, he met with the safety inspector who gave him an employment handbook and explained some of its provisions. He was given another handbook in the fall of 1980. The key employment provisions remained unchanged.

In late July, 1982, appellant's immediate supervisor, Ned Walker, told him that the company had decided to let him go. In his affidavit and deposition, appellant claims that he was permanently terminated because he had reported a safety violation to his superiors. But Mr. Durtsche testified in his deposition that appellant was simply laid off for lack of work. Appellant disputes Mr. Durtsche's explanation, claiming that Mr. Durtsche assured him several days before the termination that there would be no layoffs. Appellant also stated in his deposition that several American Colloid employees took over his tasks within a week after he was fired and that several new scraper operators were hired. There is clearly a genuine issue of material fact as to why appellant was fired.

The district court did not consider the reasons for appellant's termination because it held that the employment contract was at will. The court based this holding on its decision in *Leithead v. American Colloid Company*, 721 P.2d 1059, supra, where the same contractual issues were raised and the same handbooks interpreted. But we have reversed the district court's holding in Leithead, and we must reverse its decision in this case for the same reasons. The "specific terms and the general tenor of the handbooks gave appellant an enforceable right to be discharged only for cause." Id., at 1063. The case must be remanded for further proceedings to determine: First, what constitutes sufficient cause for discharge under appellant's contract, and second, the reason appellant was discharged. As we pointed out earlier, our reversal on the breach of contract issue makes determination of the promissory estoppel, good faith and public policy issues unnecessary. Appellant has not raised the three remaining issues set forth in his amended complaint—interference with contract, intentional infliction of emotional distress, and misrepresentation—and we will affirm the district court's summary judgment with respect to these issues. See *Pritchard v. State, Division of Vocational Rehabilitation*, Wyo., 540 P.2d 523, 524 (1975).

Affirmed in part and reversed in part and remanded for further proceedings consistent with this opinion.

THOMAS, Chief Justice, concurring and dissenting.

My position with respect to disposition of this appeal is the same as my position in *Leithead v. American Colloid Company*, Wyo., 721 P.2d 1059 (1986). I agree that the summary judgment must be reversed. I would extend the scope of the trial to include the factual question of the effect of the language in the employee handbook.