Ronald W. **ALEXANDER,**
Appellant (Plaintiff),

v.

**PHILLIPS OIL COMPANY, A SUBSIDIARY OF PHILLIPS PETROLEUM COMPANY, Appellee (Defendant).**

No. 87–8.

Supreme Court of Wyoming.

Aug. 21, 1987.

H.W. Rasmussen of Badley & Rasmussen, P.C., Sheridan, for appellant.

Kim D. Cannon of Burgess & Davis, Sheridan, for appellee.

Before BROWN, C.J., and THOMAS, CARDINE, URBIGKIT and MACY, JJ.

URBIGKIT, Justice.

This employee-termination case, again appealed after prior summary judgment reversal and remand in *Alexander v. Phillips Oil Company*, Wyo., 707 P.2d 1385 (1985), was pursued to trial judgment for the employer, and is now affirmed upon a sufficiency-of-the-evidence conclusion.

In trial, the court was entitled to find:

Appellant Alexander, a 21–year veteran employee of appellee Phillips Oil Company (Phillips), had attained a management position as field supervisor for Phillips, with 30 employees in a territory of 12,800 square miles, officing at one of the gas fields about half way between Wright and Gillette.

Prompted by oil-patch rumors of employee drinking, surveillance was undertaken by Phillips of the Right Bar at Wright, Wyoming. Unfortunately, Alexander the pipe line field supervisor who was assigned a company vehicle, was observed not only drinking during duty hours at the bar but also later driving to his home in Gillette after numerous drinks. In a general way, evidence indicated that he was using the bar for at least part of the day as his headquarters through communications by a mobile telephone service from his parked vehicle at the bar site.

We have previously determined in the prior appeal in this case that company policies afford employees more than a bare employment-at-will status. *Alexander v. Phillips Oil Company*, supra. The issue now devolves into a sufficiency-of-the-evidence post-trial review to support the trial court's termination approval. Despite the demonstrated history of supervisory activities conducted in conjunction with drinking on the job, appellant contends that the district court erred in deferring to the employer's fact-finding and interpretation of its contract and in refusing to apply an objective standard to the evidence.

We would extrapolate the arguments presented:

(1) A defense in the nature of estoppel or waiver, since other employees committed the same policy violation offenses generally involving alcohol.

(2) Before discharge he was entitled to an established opportunity for correction and rehabilitation.

(3) An objective-standard rule was employed by the court as a question of employer using its own judgment.

(4) Post-discharge discovered misconduct evidence should have been inadmissible at trial.

In the three-day, 17–witness trial, no factual dispute about the explicit company-policy violation surfaced. We would now repeat what has been explicitly and implicitly included in all our recent employment-termination cases, that the issue was contractual, as was any contractual violation to be found from violated company conduct directives, and then remaining was the question whether established policy discharge processes were followed. *Armstrong v. American Colloid Company*, Wyo., 721 P.2d 1069 (1986); *Leithead v. American Colloid Company*, Wyo., 721 P.2d 1059 (1986); *Alexander v. Phillips Oil Company*, supra; *Mobil Coal Producing, Inc. v. Parks*, Wyo., 704 P.2d 702 (1985).

We do not need to differentiate objective from subjective factors here, since the em-

ployment contract violation of drinking-on-the-job misconduct, was clearly demonstrated in trial evidence. *Broyles v. Broyles*, Wyo., 711 P.2d 1119 (1985) provides the evidence-resolution test to be applied. *Wangler v. Federer*, Wyo., 714 P.2d 1209 (1986).

This is not a misconduct disputed case, and the controversy is only whether the demonstrated misconduct justified employment termination for a veteran employee. Compare the factual inquiry of *Toussaint v. Blue Cross & Blue Shield of Michigan*, 408 Mich. 579, 292 N.W.2d 880 (1980). Likewise, objective compliance with the established policy for immediate discharge upon demonstrated cause is not in issue in this record.

Presented for appellate reversal is what really constitutes affirmative defenses of estoppel, selective reaction, or a required second chance. The factual content of any contractual relationship, where premised on a course of conduct as here contended, is vested within the fact-finding responsibility of the trial court. Initially, we do not create a broad exception as has not otherwise been done in criminal law, see *United States v. Gordon*, 817 F.2d 1538 (11th Cir. 1987), and *State v. Gilbert*, 112 Idaho 805, 736 P.2d 857 (App.1987), that justification can be affirmatively asserted because others similarly situate may also be miscreants. Only if there is no policy by virtue of the totality of the company's operational waiver could this defense be rationally persuasive or factually determinative. Cf. *Toussaint v. Blue Cross & Blue Shield of Michigan*, supra. Supervisors pursuing on-the-job drinking and driving during duty hours do not meet implied criteria for successful maintenance of the "others do it" employee-policy violation defense. Furthermore, if a factual-content dispute about effectuation provisions of the employee manual and required behavior provisions existed at trial, it was resolved adversely to employee in that decision. *Kinderknecht v. Poulos*, Wyo., 707 P.2d 184 (1985). One of the applicable manual provisions is instructive:

"Discharge also occurs when an employee commits an offense so serious that continued employment cannot be tolerated. Offenses such as stealing or drunkenness on the job are regarded as so serious that no warning or prior disciplinary action need precede discharge."

We do not find fact-finding improvidence or legal error in the trial-court decision that demonstrated drinking-on-the-job behavior was a suitable basis for discharge. Likewise, error in the disinclination of the trial court to require a one-more-chance approach after established employment misconduct as an employment-agreement provision, was not established within the burden of evidence rules for appeal reversal. *Hurd v. Nelson*, Wyo., 714 P.2d 767 (1986); *In re Brooks*, 135 Vt. 563, 382 A.2d 204 (1977). We need not define, in this sufficiency-of-the-evidence inquiry, whether the post-discharge corroborative evidence was improperly admitted, since part or all the evidence was overwhelming and essentially undisputed.

Appellant argues summarily that Phillips owed the employee an unmet "CONTRACTUAL duty of good faith and fair dealing." Good faith and fair dealing may be implicit in any employment contract as of the essence where executory provisions exist, *Marathon Oil Company v. Kleppe*, 556 F.2d 982 (10th Cir.1977); *Wangler v. Federer*, supra, but what appellant claims is a guaranteed second chance after once being caught in policy violation as an employment contract default. We cannot accord to these events a good-faith contractual-violation defense sufficient to justify the conduct or to deny employer right to discharge. See *In re Brooks*, supra, in determining that progressive discipline is not inherent in "just cause."

In this case, as a contractual-employment decision based on a sufficiency-of-the-evidence determination, *Reese v. Dow Chemical Company*, Wyo., 728 P.2d 1118 (1986), cause for discharge having been established and not contractually excused, we affirm.