**Theodosia Solomon STONE, Everett Hale Solomon, Laura Jane Solomon Bennett, Erma Solomon Braly and Marylyon Solomon Grohol, Relators,**

**v.**

**Dewey E. HODGES, County Judge of Caddo County, Oklahoma, Respondent.**

**No. 42493.**

Supreme Court of Oklahoma.

Oct. 10, 1967.

Rehearing Denied Nov. 7, 1967.

Sam A. Townley, Townley & Freeman, Oklahoma City, for relators.

J. A. Rinehart, El Reno, Omer Luellen, Hinton, for respondent.

JACKSON, Chief Justice.

The question of first impression presented by this application to assume original jurisdiction and petition for writ of mandamus is whether 12 O.S.1965 Supp., Sec. 549, concerning interrogatories, is applicable to probate proceedings in the county court. For reasons set out below, we hold that it is.

That section is by its terms applicable to "Any party to a civil action or proceeding * * *", and the legislative title of the act (Session Laws of 1965, Chapter 218) begins "An Act relating to civil procedure * *". Principally for these reasons, respondent, who has in effect blocked the answering of interrogatories served under this section in a probate proceeding pending in his court, insists that it does not apply to probate proceedings. He argues that the terms "civil action or proceeding" and "civil procedure" are not sufficiently broad to encompass probate proceedings.

We believe the better reasoning is to the contrary. In United States v. P. F. Collier and Son Corporation, 208 F.2d 936, 40 A. L.R.2d 1389, the United States Court of Appeals for the Seventh Circuit, in considering a very similar question, said "The words 'any action, suit, or proceeding' in their ordinary and generally accepted meaning and use embrace, so we think, all forms of litigation * * *". In that case, the court was construing the phrase "any action, suit or proceeding" as used in a Delaware statute, and it does not appear that the Delaware Legislature had enacted any statutory definitions of those terms.

■ In the case now before us, we have definitions which appear in 12 O.S.1961, Sections 3, 4 and 5. Under section 3, "Remedies in courts of justice" are divided into "Actions" and "Special Proceedings". An action is defined in section 4 as an "ordinary proceeding in a court of justice by which a party prosecutes another party for the enforcement or protection of a right, the redress or prevention of a wrong, or the punishment of a public offense". Section 5 provides that *"Every other remedy is a special proceeding"* (emphasis supplied). It seems clear that under these sections, every kind of litigation in this state is either an action or a special proceeding. Whenever the meaning of a word or phrase is defined in any statute, such definition is applicable to the same word or phrase wherever it occurs, except where a contrary intention plainly appears. 25

O.S.1961, Sec. 2. We can find no "contrary intention" in 12 O.S.1965 Supp., Sec. 549.

■ Although our attention is invited to no case in which we have specifically held that probate proceedings in county court are "special proceedings" under 12 O.S.1961, Sec. 5, we think the statutes cited in the above paragraph compel that conclusion. In the early case of In re Joseph's Estate, 118 Cal. 660, 50 P. 768, the California Supreme Court reached the same result in construing sections of the California Code of Civil Procedure that were practically identical with the provisions of 12 O.S.1961, Sections 3, 4 and 5.

It may be noted that in the first sentence of 12 O.S.1965 Supp., Sec. 549, the word used by the Legislature was "proceeding" and not "special proceeding" as defined by 12 O.S.1961, Sec. 5. It is readily apparent, however, that the word "proceeding", used without the limiting adjective "special", must necessarily be accorded a broader meaning. The absence of the word "special" would therefore not have the effect of restricting the meaning intended, or of excluding probate proceedings from the purview of 12 O.S.1965 Supp., Sec. 549.

The cases cited by respondent are not decisive. In Welch v. Barnett, 34 Okl. 166, 125 P. 472, this court construed the term "civil causes" as used in Section 3989, Compiled Laws of 1909. That term is not involved in the case now before us. In Gray v. McKnight, 50 Okl. 73, 150 P. 1046, the term under construction was "civil cases" as used in Article 7, Section 15, of our Constitution. In In re White's Estate, 175 Okl. 439, 52 P.2d 1074, this court held, in pertinent part, that a probate proceeding is not an "action" under Sec. 9, O.S. 1931 (now codified as 12 O.S.1961, Sec. 4). That point is conceded in the instant case. The cases cited by respondent from other jurisdictions are not persuasive since it does not appear that those jurisdictions have statutory definitions similar to 12 O.S.1961, Sections 3, 4 and 5.

We have noted the other arguments made by respondent and find them to be without substantial merit.

We hold that 12 O.S.1965 Supp., Sec. 549, is applicable to probate proceedings in the county court.

The application to assume original jurisdiction is therefore granted. Having full confidence that the respondent will proceed in accordance with the views herein expressed, we deem it unnecessary to issue the writ of mandamus.

IRWIN, V. C. J., and DAVISON, WILLIAMS, BLACKBIRD, BERRY and LAVENDER, JJ., concur.