PROFESSIONS AND OCCUPATIONS
A public accountant licensed pursuant to the provisions of Title 59 O.S. 15.8 [59-15.8] — 59 O.S. 15.9 [59-15.9] (1971) does have sufficient qualifications to attest to a verified statement of worth required by Title 59 O.S. 1306 [59-1306] (1971), in light of the provisions of Title 59 O.S. 15.32 [59-15.32] (1971). The Attorney General has received your request for an opinion wherein you ask the following question: Does a public accountant licensed pursuant to the provisions of 59 O.S. 15.8 [59-15.8] — 59 O.S. 15.9 [59-15.9] have sufficient qualifications to attest to a verified statement of worth required by 59 O.S. 1306 [59-1306], or is it necessary for that attestation to be performed by a certified public accountant. Title 59 O.S. 1306 [59-1306] (1971) provides in part as follows: "(A) An applicant for a cash bondsman license shall meet all requirements set forth in Section 5 with exception of residence. In addition to the requirements prescribed in Section 5 of this act, an applicant for a professional bondsman license shall submit to the commissioner a verified statement of worth attested to by a CPA setting forth his total assets less liabilities and debts." This statute was originally enacted in 1965. In the same year, the Legislature repealed the provisions of Title 59 O.S. 1-14 [59-1-14] (1961), which generally govern the accountancy profession, and replaced them. In 1971, the Legislature again amended the provisions of Title 59 O.S. 15.1 [59-15.1] — 15.28 to, inter alia, set out 59 O.S. 15.32 [59-15.32] which provides as follows: "Any accountant licensed under the provisions of Title 59 O.S. 15.1 [59-15.1] through 59 O.S. 15.9 [59-15.9] may perform and report upon or certify to any audit required by any statute, charter, ordinance, trust or other legal instrument." The cardinal rule of statutory construction is to ascertain and give effect to the true intent and meaning of the Legislature. Becknell v. State Industrial Court, Okl., 512 P.2d 1180
(1973). That intent is ascertained from an examination of the language of the act as a whole in light of its general purpose and object. Adams v. Fry, Okl., 230 P.2d 915
(1951). Whenever the meaning of a word is defined by statute, that definition is to be applied whenever that word appears unless a contrary intention is plainly apparent. Stone v. Hodges, Okl., 435 P.2d 165 (1967). A change of phraseology from that of the original act raises the presumption that a change of meaning was also intended. Irwin v. Irwin, Okl., 433 P.2d 931 (1965). The most recent expression of legislative intent must be given effect over prior enactments of contrary import. Brown v. Marker, Okl., 410 P.2d 61 (1965). By enacting Title 59 O.S. 15.32 [59-15.32] (1971), the Legislature obviously intended to equate the authority of CPA's and PA's to perform audits required by any statute, charter, ordinance, trust or other legal instrument. The statement of worth required by Title 59 O.S. 1306 [59-1306] (1961), though not specifically an audit, is sufficiently similar to an audit to fall within the expressed intent of the Legislature. It is, therefore, the opinion of the Attorney General that your question be answered as follows: A public accountant licensed pursuant to the provisions of Title 59 O.S. 15.8 [59-15.8] — 59 O.S. 15.9 [59-15.9] (1971) does have sufficient qualifications to attest to a verified statement of worth required by Title 59 O.S. 1306 [59-1306] (1971), in light of the provisions of Title 59 O.S. 15.32 [59-15.32] (1971). (JEFFREY L. WEEKS) (ksg)