## Burlington Fire Fighters Association v. City of Burlington

[457 A.2d 642]

No. 571-81

Present: Billings, Hill, Underwood and Peck, JJ., and Larrow, J. (Ret.), Specially Assigned

Opinion Filed February 7, 1983

*Myers & Gobin,* Essex Junction, for Plaintiff-Appellant.

*McNeil, Murray & Sorrell, Inc.,* Burlington, for Defendant-Appellee.

**Underwood, J.** The Burlington Fire Fighters Association [Association] appeals an adverse ruling of the Vermont Labor

Relations Board [Board] dismissing its unfair labor practice complaint against the City of Burlington [City]. The complaint alleged that the City's unilateral adoption of rules and regulations for the Burlington Fire Department [Department] during the course of contract negotiations with the Association was a refusal by the City to bargain in good faith in violation of 21 V.S.A. § 1726(a)(5). On appeal, the Association argues that the Board erred in determining that the City did not commit an unfair labor practice. We agree and reverse.

The facts in this case are undisputed. The Association has been the recognized bargaining agent for the City's fire fighters since 1976. At the date of the initial contract between the Association and the City there were in existence rules and regulations for the Department which had been promulgated and adopted in 1974. On March 16, 1980, the Association and the City entered into negotiations for a new contract for the year running from July 1, 1980, through June 30, 1981. The parties were unable to reach agreement on such contract at the bargaining table, and in June of 1980 the Association requested mediation. The request was granted by the Commissioner of Labor and Industry. On August 29, 1980, while the parties were still engaged in mediation in the contract negotiations, the City unilaterally revised the 1974 rules and regulations and issued the 1980 rules and regulations.

The unfair labor practice statutes contained in Vermont's Municipal Labor Relations Act reflect similar provisions in the National Labor Relations Act [N.L.R.A.]. In prior labor decisions involving parallel federal legislation, this Court has looked to federal decisions interpreting the N.L.R.A. for guidance. See, e.g., *Ohland* v. *Dubay*, 133 Vt. 300, 336 A.2d 203 (1975). In the instant case we continue this practice.

Section 8(a)(5) of the N.L.R.A., like 21 V.S.A. § 1726(a)(5), makes it an unfair labor practice for an employer to refuse to bargain in good faith. The United States Supreme Court in *NLRB* v. *Katz*, 369 U.S. 736 (1962), held that this statutory duty to bargain is violated when an employer, without first consulting a union with which it is carrying on bona fide contract negotiations, institutes a unilateral change in conditions of employment. *Id.* at 742–43. The Court

ruled that unilateral imposition of terms of employment during the time the employer is under a legal duty to bargain in good faith is the very antithesis of bargaining and is a per se violation of the duty to bargain. *Id.*

Although *Katz* was a private sector case, we hold that the principle set forth in it is equally applicable to public sector bargaining. Therefore, the issue in the instant case is whether the unilateral adoption of the 1980 rules and regulations by the City changed conditions of employment.

The Association contends that sections of the 1980 regulations dealing with commissioners' hearings, disability and sick leave, promotion and reward, and uniforms constituted unilateral changes in conditions of employment. The Board found that the 1980 regulations, with respect to the first three subject areas, are simply republications of what was contained in the 1974 regulations or of work rules validly existing elsewhere, and did not result in any changes in conditions of employment. This ruling is correct.

The Board next considered the issue of whether the 1980 regulations changed conditions of employment with regard to wearing of uniforms. The 1974 regulations provided that fire fighters shall wear their class "B," or work, uniforms at all times in the station. The 1980 regulations provide:

> (a) [Fire fighters] may wear their class "B" uniform in full when reporting for duty at their respective stations and when leaving after completing their tour of duty.
>
> (b) [Fire fighters] shall be in full class "B" uniforms for roll call.

The Board correctly ruled that the wearing of uniforms constitutes a condition of employment within the meaning of 21 V.S.A. § 1722(17), and is therefore a mandatory subject of bargaining under 21 V.S.A. § 1725. It found, however, that the 1980 regulations resulted in no change with regards to this condition of employment. This finding is clearly erroneous. The 1974 regulations required the fire fighters to be in uniform at all times in the station. The 1980 regulations eased this requirement, allowing the fire fighters to wear the casual apparel of their choice prior to roll call and after com-

pleting their tour of duty. This obviously constitutes a change in a condition of employment. Thus, since it was unilaterally imposed by the City during a period when it was engaged in contract negotiations with the Association, we hold that the City violated 21 V.S.A. § 1726(a)·(5) and committed an unfair labor practice.

*Reversed and remanded for an order consistent with this opinion.*