Charles L. STONE, President, International Association of Firefighters, Local 1524; International Association of Firefighters, Local 1524, an unincorporated association; Paul D. Taylor, President, Fraternal Order of Police, Lodge 123; and Fraternal Order of Police, Lodge 123, an unincorporated association, Petitioners,

v.

Scott JOHNSON, City Manager, City of Oklahoma City; and Donald Flegal, Personnel Director, City of Oklahoma City, Respondents.

No. 63022.

Supreme Court of Oklahoma.

Oct. 23, 1984.

George J. McCaffrey, Lampkin, Wolfe, McCaffrey & Tawwater, Oklahoma City, for petitioners.

James R. Fuson, Acting Municipal Counselor by Lawrence E. Naifeh, Asst. Municipal Counselor, Oklahoma City, for respondents.

LAVENDER, Justice:

This case was brought before this Court upon the application of Charles L. Stone, President of Local 1524 of the International Association of Firefighters (I.A.F.), and of Paul D. Taylor, President of Lodge 123 of the Fraternal Order of Police (F.O.P.), for assumption of original jurisdiction by this Court and petition for writ of mandamus. The relief sought by petitioners is a writ directed to Scott Johnson, City Manager of the City of Oklahoma City, and Donald Flegal, Personnel Director for the City of Oklahoma City, mandating that these individuals comply with the statutory provisions of the Firefighters' and Policemen's Arbitration Law, 11 O.S. 1981, §§ 51–101 through 51–113. The specific duty the petitioners seek to compel on the part of the representatives of the City of Oklahoma City is the duty to confer in good faith with respect to wages, hours and other conditions of employment imposed by 11 O.S. 1981, §§ 51–102(5) and 51–105.

Petitioners' application and brief in support thereof were filed with this Court on September 7, 1984. Respondents' brief in turn was filed on September 27. Additionally, the parties appeared before the Court for the purpose of presenting oral argument on October 2. From these materials, and from the oral statements of the parties, the following facts appear.

The most recent agreement between the City of Oklahoma City (City) and the unions representing the police officers and firefighters (the F.O.P. and I.A.F.) (unions) expired on June 30, 1984. In May of this year the unions gave notice to the City of their intent to open new bargaining negotiations. Between May 9 and August 27, twelve negotiation sessions took place between the unions and the City.

On August 27, it became apparent that the negotiations had failed on the point of contract treatment of certain high ranking officers of the police and firefighters. Petitioners urge that this breakdown was the result of the City's failure to confer in good faith, and thus seek an order requiring the City to negotiate. Respondents counter that the City has bargained in good faith and that they are now at impasse on a matter which should be submitted to arbitration, and is thus not a proper subject for mandamus.

The parties in this case do not question the statutory duty to confer in good faith with respect to wages, hours and other conditions of employment. Nor do the parties question that the single issue in the case is whether, in fact, the City has met its duty on this point.

The actual problem presented concerns the treatment to be accorded the members of the police department holding the rank of Captain or Major and the members of the fire department holding the rank of Battalion Chief, Deputy Chief or Assistant Chief. As the law [1] was enacted in 1971,[2] supervisory personnel having the authority to employ or discharge employees were not included in the definition of firefighters and policemen. This Act went on to grant the right to bargain as a collective unit to those defined as firefighters and policemen. By amendment in 1972,[3] the definitions of firefighters and policemen were

---

**1.** The Firefighters' and Policemen's Arbitration Law.

**2.** Oklahoma Session Laws 1971, Ch. 14, §§ 1 through 15.

**3.** Oklahoma Session Laws 1972, Ch. 114, § 1.

changed to include all permanent members of the departments except the department chiefs and one administrative assistant in each department to be designated by the department chief.

It appears that from 1972 to 1982 the supervisory personnel left out of the bargaining units by definition in 1971 had, in most instances, been bargained out of the units through negotiations. In 1982 this Court declared that the statutorily defined make up of the firefighters' and policemen's bargaining units was not a proper subject of negotiation.[4]

In the current course of negotiations between the unions and the City, the City offered to recognize that these personnel were, by definition, part of the union bargaining unit. However, the City then took the position, in which it remained adamant, that these personnel were to be covered by provisions of the City personnel policy and the management pay plan. The City's offer was to insert language to this effect into the proposed agreement. Under the City's proposal, the wages, hours and other conditions of employment of the supervisory personnel would be subject to change during the course of the proposed agreement by any amendments the City might wish to make in the personnel policies. Additionally, the City would be free to negotiate salary and other economic conditions of employment directly with these personnel at any time during the course of the proposed agreement.

The unions took the position that the City's proposal, in effect, was to again exclude the supervisory personnel from the bargaining units by denying them the benefits gained by other members of the unit through collective bargaining.

The question thus presented is whether the actions of the City constructively amount to a refusal to bargain in good faith. If the answer is in the affirmative, the Court should assume original jurisdiction and so declare.

It has previously been decided that the right of collective bargaining afforded by the Firefighters' and Policemen's Arbitration Law is a matter of statewide concern.[5] And, where the interests of justice and the avoidance of confusion and disorder dictate, the court may consider the matter.[6] These interests are present here. It would not be proper to force the unions to go through an arbitration procedure, which is non-binding on the City,[7] when the impasse has arisen from the City's defacto failure to comply with a statutory duty. The problem presented appears to be likely to arise in other instances and should properly be addressed directly at this time.

It is apparent that the proposals presented by the City during the course of negotiations amount to no more than an insistence on maintaining the status quo as to the supervisory personnel—in effect denying them the benefits of collective bargaining on their behalf. We must presume that the Legislature intended to grant the benefits of collective bargaining to these personnel when it included them by definition in the statutorily created bargaining units. To do otherwise would be to hold that the Legislature engaged in a vain action in enacting the change in definition in the 1972 amendment.[8] This is not permissible.[9]

The City's position in the current negotiations was such that it attempted to force the unions to abandon representation of these people contrary to the unions' duty to represent all of the members of the unit.

**4.** *Oliver v. City of Tulsa,* 654 P.2d 607, 612 (Okl. 1982).

**5.** *Midwest City v. Cravens,* 532 P.2d 829, 834 (Okl.1975).

**6.** *State ex rel. Settles v. Board of Education of Dependent School Dist. No. D–38,* 389 P.2d 356 (Okl.1964).

**7.** As provided in 11 O.S. 1981, §§ 51–106 and 51–108. Section 51–108 states that the City is not required to adopt the arbitrators' opinion.

**8.** Oklahoma Session Laws 1972, Ch. 114 § 1.

**9.** *In re Supreme Court Adjudication,* 597 P.2d 1208, 1210 (Okl.1979).

The unions' duty exists both in negotiation of the agreement and in the enforcement of the resulting agreement.[10]

In reaching a decision as to whether these actions of the City constitute a failure to bargain in good faith we may properly consider prior labor decisions involving parallel federal legislation.[11] Section 8(d) [12] of the National Labor Relations Act states:

> "to bargain collectively is the performance of the mutual obligation of the employer and the representative of the employees to meet at reasonable times and confer in good faith with respect to wages, hours, and other terms and conditions of employment, or the negotiation of an agreement, or any question arising thereunder, and the execution of a written contract incorporating any agreement reached if requested by either party, but such obligation does not compel either party to agree to a proposal or require the making of a concession ...."

This mutual obligation imposed upon the employer and the representative of the employees under the National Labor Relations Act is the same obligation imposed upon the municipal employer and the representatives of the bargaining unit by section 51–102(5) [13] of the Firefighters' and Policemen's Arbitration Law.

In addressing cases involving the question of violation of the duty to bargain in good faith in violation of section 8 of the N.L.R.A., the courts have looked to various indicia of bad faith. The indicator which appears most readily in the present case, and which is dispositive of the question, comes from the City's insistence that the unions constructively abandon representation of the supervisory personnel as to negotiation of their wages and economic conditions of employment and as to their access to the grievance procedure established under the collective bargaining agreement. This position is inconsistent with the Legislature's action in including these personnel in the bargaining unit by definition and with the unions' duty to represent all of the members of the bargaining unit.[14] The City's position, in view of these facts is legally untenable. "[A]dher[ance] to an untenable legal position during the course of negotiations is inconsistent with the obligation to bargain in good faith." [15]

■ The imposition of the highest standard of good faith on the part of the representatives of the municipal employer is consistent with the purposes of the Firefighters' and Policemen's Arbitration Law. While the private employee who, when confronted with an impasse in negotiations or with an unfair labor practice [16] committed during negotiations, has the option to strike, the firefighter or policeman is denied this option. In partial compensation for the denial of the traditional economic weapons of labor, the Firefighter's and Policemen's Arbitration Law provides a method of arbitration for issues unresolved by negotiation. To allow a municipal employer to force negotiations to an impasse by insistence on a proposal of, at best, questionable legal tenability, resulting in a process of arbitration, which is then not binding on the municipal authority would be to deny the right to engage in effective collective bargaining reserved to these public

---

10. See *Vaca v. Sipes,* 386 U.S. 171, 177, 87 S.Ct. 903, 909, 17 L.Ed.2d 842 (1967).

11. See *Burlington Fire Fighters Association v. City of Burlington,* 142 Vt. 434, 457 A.2d 642 (1983).

12. 29 U.S.C. § 158(d).

13. 11 O.S. 1981, § 51–102(5).

14. *Vaca v. Sipes,* supra at note 10.

15. *N.L.R.B. v. Mar-Len Cabinets, Inc.,* 659 F.2d 995, 1000 (9th Cir.1981), quoting *Queen Mary Restaurants Corp. v. N.L.R.B.,* 560 F.2d 403, 409 (9th Cir.1977), quoting *Fraser & Johnston Co. v. N.L.R.B.,* 469 F.2d 1259, 1263 (9th Cir.1972).

16. 11 O.S. 1981, § 51–102(6)(a)(5), defines a refusal by the municipal employer to bargain collectively in good faith with respect to any issue within the purview of the Firefighters' and Policemen's Arbitration Law as an unfair labor practice.

employees by 11 O.S. 1981, § 51–101(A). This strong policy of requiring absolute good faith in bargaining is necessary to counter-balance the absence of the right to strike and the absence of the availability of binding arbitration.

The duty to bargain in good faith is a mandatory duty. Respondents have failed to perform that duty. The question presented being one of statewide concern,[17] this Court assumes original jurisdiction of the matter. In the interests of justice and to avoid further confusion and disorder resulting from this question, and in the absence of any other adequate remedy, the Court shall define and declare the statutory duty to bargain.

It is therefore the pronouncement of this Court that with respect to wages, hours and other conditions of employment as to all members of the statutorily defined bargaining units, including police officers of the rank of Captain or Major and Firefighters holding the rank of Battalion Chief, Deputy Chief or Assistant Chief, respondents have failed in their statutory duty to confer with petitioners in good faith.

The Court therefore assumes original jurisdiction. Because we have decided the controversy and declared the rights of the petitioners and because we are confident that the respondents will abide by the views of the Court and will proceed accordingly, we decline at this time to issue a writ of mandamus.[18] If enforcement of the rights herein adjudicated should become necessary, proceedings may be instituted in the district court.

BARNES, C.J., and HODGES, DOOLIN, HARGRAVE, OPALA, WILSON and KAUGER, JJ., concur.

SIMMS, Vice Chief Justice, concurring specially.

I would issue the writ of mandamus.

17. Supra, at note 5.

18. *Stone v. Hodges,* 435 P.2d 165 (Okl.1967).