Henry BELLMON, Governor, Jerry Smith, Minority Leader of the Oklahoma Senate, and Walter Hill, Minority Leader of the Oklahoma House of Representatives, Petitioners,

v.

Jim BARKER, Speaker of the Oklahoma House of Representatives, Robert S. Kerr, III, Lieutenant Governor and President of the Senate, Robert V. Cullison, President Pro Tempore of the Oklahoma Senate, Lance Ward, Secretary of the Oklahoma Senate, and Larry Warden, Chief Clerk of the Oklahoma House of Representatives, Respondents.

No. 71318.

Supreme Court of Oklahoma.

July 11, 1988.

Dissenting Opinion of
Justice Opala July 12, 1988.

27. See note 22, supra.

A. Tevington, et al., Oklahoma City, Gen. Counsel to Governor.

Suzanne Broadbent, Oklahoma City, Asst. Gen. Counsel to Governor.

Joe Herton, for Walter E. Hill.

Gary W. Gardenhire, Oklahoma City, for Jerry Smith.

Neal Leader, Asst. Atty. Gen., for respondents.

## ORDER

Upon consideration of petitioners' Application to Assume Original Jurisdiction and Petition for Writs of Prohibition, together with briefs and oral argument, THE COURT FINDS:

1) On June 30, 1988, at 9:00 a.m., the Oklahoma Legislature commenced its eighty-ninth day of the Second Regular Session of the Forty–First Legislature and was continuously and actually engaged in transacting legislative business without any breaks or adjournments until it adjourned approximately at noon on July 1, 1988.

2) The Legislature has been called to reconvene for its ninetieth day of the Second Regular Session of the Forty–First Legislature at 9:00 a.m., Tuesday, July 12, 1988.

3) It is provided by article 5, § 26 of the Oklahoma Constitution that "[e]ach regular session of the Legislature shall be limited to ninety legislative days." The case of *Davis v. Thompson*, 721 P.2d 789 (Okla.1986), is directly in point. The duration of a legislative day is not governed by a calendar day. It begins with the opening of a daily session and ends with adjournment for that day and may last more than one calendar day. A fraction of a calendar day is not necessarily, or even presumptively, a legislative day. *Id.*

4) The Legislature has the power and right to determine for itself when the moment of time has arrived for adjournment of a legislative day, subject to the rule of reason. *Id.* at 792–93.

5) Petitioners have not met their burden of showing the Legislature unreasonably extended the eighty-ninth legislative day of the Second Regular Session of the Forty–First Legislature beyond the stroke of midnight.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED BY THIS COURT that original jurisdiction be assumed and that the writs of prohibition be DENIED.

HARGRAVE, V.C.J., and HODGES, SIMMS and SUMMERS, JJ., concur.

LAVENDER, J., concurs by reason of stare decisis.

DOOLIN, C.J., and OPALA and ALMA WILSON, JJ., dissent.

KAUGER, J., recused.

DOOLIN, Chief Justice, dissenting:

The majority order denying the writ defeats the sovereign vote of the people in

amending the Constitution of the State of Oklahoma to ninety legislative days.

OPALA, Justice, dissenting.

The court assumes original jurisdiction and denies the writ. I would take cognizance of this case, deny the petition for a writ of prohibition and declare that the Second Regular Session of the 41st Legislature of the State of Oklahoma came to an end when the Houses adjourned approximately at noon on July 1, 1988. I would apply the teaching of *Davis v. Thompson* [1] as authority to "elongate" the *90th day* of a session but would not extend its "reasonableness standard" to *any other* legislative day.

## I
## THE ANATOMY OF PRESENT LITIGATION

On June 30, 1988 at 9:00 a.m., the 89th day of the Second Regular Session of the 41st Legislature was commenced. The Legislature remained in continuous session until it adjourned approximately at noon on July 1, 1988. It was then called to reconvene for its 90th day at 9:00 a.m., Tuesday, July 12, 1988.

The petitioners—the Governor and minority leaders of the House and the Senate —seek to have this court assume original jurisdiction to prohibit the Legislature from meeting to conduct its business on July 12th. They assert that the 89th day was so unreasonably extended as to cover a portion of the 90th day.

The court held in *Davis* that the Legislature has the power to determine for itself, "subject to the rule of reason," how long it must remain in session on the last day to wind up its business.[2] The court also there announced, under the terms of Art. 5, § 26, Okl. Const.,[3] that either House of our Legislature may conclude its regular session at a point later than the stroke of midnight marking the end of the ninetieth legislative day.

## II
## THE LEGAL STANDARD BY WHICH I WOULD MEASURE THE LENGTH OF A LEGISLATIVE DAY

Our fundamental law has provided us, in Art. 5, § 26, Okl. Const., with a textually demonstrable intent to effect every regular session's conclusion at a fixed point in time —the end of the ninetieth legislative day. Only the day the session is to commence may be effectively changed by the Legislature. The framers' intent—plainly and unmistakably apparent from the text of § 26—was to permit the statutory regulation of an annual session's beginning *but not of its ending day*. What so clearly stands beyond the reach of legislation may not be invaded by a parliamentary ruling of either House.

Inasmuch as the Constitution does not define a legislative day's [4] length in terms different from its 24–hour duration, and the Legislature, by consistent and unbroken practice between the 1966 adoption of Art. 5, § 26 and our decision in *Davis*, treated a legislative day as coextensive with a calendar day, I would declare today that when the 89th day extended beyond the end of the calendar day on which it began, the session extended into the 90th day.

## III
## THE COMMON–LAW WRIT POWER NEED NOT BE EXERCISED IN THIS CASE

I would hold that although the Supreme Court's *original jurisdiction* under Art. VII, § 4, Okl. Const.,[5] extends beyond the

1. Okl., 721 P.2d 789 [1986].

2. *Davis v. Thompson, supra* note 1 at 793.

3. The terms of Art. 5, § 26, Okl. Const. are: "The Legislature shall meet in regular session at the seat of government on the first Tuesday after the first Monday in January of each year, beginning at twelve o'clock noon, or upon such other day as may be provided by law. *Each regular session of the Legislature shall be limited to ninety legislative days.*" [Emphasis supplied.]

4. A legislative day is one during any portion of which the legislature is in session. *Shaw v. Carter*, 148 Okl. 57, 297 P. 273 [1931]. The legislature is not required to sit on consecutive work days, but neither House may, during the session, adjourn for more than three days without the consent of the other. Art. 5, § 30, Okl. Const.

5. The pertinent terms of Art. VII, § 4, Okl. Const., provide: "The appellate jurisdiction of the Supreme Court shall be coextensive with the State and

*stricto sensu* prerogative writ power at common law and includes within its ambit any justiciable constitutional controversy between departments of state government,[6] *no* writ need be issued against the Legislature to settle this dispute. A pronouncement declaring when the regular session came to an end would suffice.[7]

## IV
## PROSPECTIVE EFFECT SHOULD BE GIVEN TO THE PRONOUNCEMENT THAT THE SECOND REGULAR SESSION OF THE 41ST LEGISLATURE ENDED WHEN THE 89TH LEGISLATIVE DAY CAME TO BE EXTENDED BEYOND THE CALENDAR DAY ON WHICH IT BEGAN

I would give obedience to *Davis* as authority for an extension of the last day of the session, but would confine its "reasonableness standard" to that ruling. I would today declare that *the length of every other legislative day must be limited to the calendar day during which that day's session began.* In keeping with my views in *Davis*,[8] I would today give prospective effect to the pronouncement that the session ended at the Legislature's adjournment at noon on July 1, 1988.

ALMA WILSON, Justice, dissenting:

The Court's pronouncement today inextricably enlarges the holding in *Davis v. Thompson,* 721 P.2d 789 (Okla.1986), and thus, further erodes the manifest edict of this State's constitutional proviso to limit the regular legislative session to ninety legislative days:

"The Legislature shall meet in *regular session* at the seat of government on the first Tuesday after the first Monday in January of each year, beginning at twelve o'clock noon, or upon such other day as may be provided by law. Each *regular session* of the Legislature *shall be limited to ninety legislative days.*" [Emphasis mine]

By judicial construction, this constitutional proviso was expanded, in *Davis,* to encompass transactions effected beyond the calendar date of the ninetieth day of the legislative session. Today, the elasticity extended in *Davis,* is stretched to envelope each and every day of the legislative session, at the will of the legislature itself. This consequence strengthens my conviction against a construction which authorizes a potentially limitless "regular" legislative session. *See my dissenting opinion in Davis v. Thompson,* at 794. I remain of the opinion that this Court should be constrained to strictly construe and define the constitutional legislative day of § 26, thus: "That Period In Which Legislative Acts Transpire On A Specified Date."

---

shall extend to all cases at law and in equity.... *The Supreme Court ... shall have power to issue, hear and determine writs of* habeas corpus, mandamus, quo warranto, certiorari, *prohibition and such other remedial writs as may be provided by law and may exercise such other and further jurisdiction as may be conferred by statute...."* [Emphasis added.]

6. *State ex rel. Oklahoma Tax Com'n v. Daxon,* Okl., 607 P.2d 683, 688–689 [1980]; *Draper v. State,* Okl., 621 P.2d 1142, 1146–1147 [1980]; *State v. Mathews,* 134 Okl. 288, 273 P. 352, 358–359 [1929]; and *Matney v. King,* 20 Okl. 22, 93 P. 737, 744 [1908].

7. See *Stone v. Johnson,* Okl., 690 P.2d 459, 463 [1984]; *Draper v. State, supra* note 6; *Oklahoma Ass'n of Mun. Attys. v. State,* Okl., 577 P.2d 1310, 1315 [1978]; *Halstead v. McHendry,* Okl., 566 P.2d 134, 139 [1977]; *Stone v. Hodges,* Okl., 435 P.2d 165 [1967]; and *Schuman v. Sternberg,* 179 Okl. 118, 65 P.2d 413, 414 [1937].

8. *Davis v. Thompson, supra* note 1 at 794 (Opala, J., concurring in judgment).