**FRATERNAL ORDER OF POLICE LODGE # 114, Appellant,**

v.

**CITY OF DEL CITY, Appellee.**

No. 70233.

Court of Appeals of Oklahoma, Division No. 3.

April 4, 1989.

Rehearing Denied May 4, 1989.

Certiorari Denied Jan. 9, 1990.

Richard Mildren, Oklahoma City, for appellee.

Ted Pool, Oklahoma City, for appellant.

## MEMORANDUM OPINION

REYNOLDS, Judge:

Appellant Fraternal Order of Police, Lodge # 114 (FOP) sought to negotiate with City of Del City (City) pursuant to 11 O.S. Supp. 1987 §§ 51–101 et seq. and §§ 5.2 and 5.3 of Article V of the collective bargaining agreement between FOP and City. As these negotiations progressed, two issues remained, wages and longevity pay, that were to be submitted for arbitration, pursuant to 11 O.S. Supp. 1987 § 51–106. City of Del City filed an application and petition for Temporary Injunction to enjoin arbitration one day before the scheduled arbitration hearing. FOP's subsequent motion to dismiss was denied by the trial court and City of Del City's injunction granted. FOP now appeals that decision.

The language in 11 O.S. 1981, § 51–106 is mandatory and provides that it is the obligation of the City to meet and confer with firefighters or police officers within certain prescribed time frames. As set out in Sections 51–101 et seq, because public policy does not allow firefighters and police officers the right to strike, these groups of municipal employees are accorded the right to collectively bargain. *Stone v. Johnson*, 690 P.2d 459 (Okl.1984). This includes arbitration hearings. 11 O.S. 1981, § 51–106.

Refusal to follow the mandatory nature of collectively bargaining is deemed to be "unfair labor practices" as set out in §§ 51–102(6) and (6a). The duty to bargain in good faith is mandatory. *Stone v. Johnson,* (supra).

The City may not circumvent arbitration by claiming budget deficit. 11 O.S. 1981, § 51–109(4) allows an arbitrator to find for the City if financial distress is found. Otherwise, the City has an adequate remedy at law in its ability to reject the arbitration findings.[1]

In *Taylor v. Johnson,* 706 P.2d 896 (Okl. 1985), the Supreme Court said:

any question regarding application and interpretation of the collective bargaining agreement is subject to arbitration, and the district court is without jurisdiction to usurp that function.

Therefore, the trial court's temporary injunction enjoining FOP from submitting certain issues to arbitration is VACATED.

REVERSED.

GARRETT, P.J., and BAILEY, C.J., concur.

---

**1.** In *Mid West City v. Cravens,* 532 P.2d 829 (Okl.1975) the Supreme Court noted the municipal authorities' right to make the final decision on all issues presented and discussed.