REQUESTED BY: Senator Kate Witek Nebraska Legislature
You have requested an Attorney General's Opinion as to the ability of the Legislature to extend its final day of the 1995 session beyond midnight on June 8, 1995. Specifically, you have asked whether the 90th Legislative Day ends at midnight or whether the session may continue into June 9, 1995. You have also asked what the consequences are of passing legislation in the early hours of June 9, 1995.
Discussion
Article III, section 10 of the Nebraska Constitution provides, in part: "The duration of regular sessions held shall not exceed ninety legislative days in odd-numbered years unless extended by a vote of four-fifths of all members elected to the Legislature. . . ."
No reported Nebraska court decision has interpreted this constitutional provision. However, as noted in your opinion request, a similar issue has been considered by the Oklahoma Supreme Court. In Davis v. Thompson, 721 P.2d 789 (Okla. 1986), the minority leader of the Oklahoma House of Representatives challenged legislation adopted after midnight on the 90th legislative day. A four judge plurality of the court agreed that a legislative day was not synonymous with a calendar day for purposes of the then existing Oklahoma constitutional provision limiting legislative sessions to "ninety legislative days."
 In our Constitution we have found no express or implied prohibition or limitation upon the power of the Legislature to extend the length of a legislative session past midnight of the ninetieth day. We therefore conclude the unit or length of time of a legislative day cannot be set by this Court. We find that it is for the Legislature to determine how long is reasonably necessary for its members to remain in session on the ninetieth day to transact the business before it, so long as it acts reasonably and in accordance with the intent of art. 5 § 26. The Legislature has a right to conclude all legislative business it has already begun past the stroke of midnight of the ninetieth legislative day to bring a legislative session to a close so long as it does so reasonably, continuously, and without breaks or adjournments.
Id. at 793.
Two years after the Davis decision, the Governor of Oklahoma and the minority leaders of the Oklahoma House and Senate brought suit challenging the Legislature's ability to adjourn its 89th legislative day on July 1 and reconvene for its 90th legislative day on July 12. In a split decision, the court upheld the Legislature's action and extended its holding in Davis to legislative days other than the 90th legislative day. Bellmon v.Barker, 760 P.2d 813 (Okla. 1988). Eight months after the Court's decision in Bellmon, the people of Oklahoma amended their constitution, via initiative petition, to require adjournment of legislative sessions by 5:00 p.m. on the last Friday of May each year. Okla. Const. art. 5, § 26.
Notwithstanding the Oklahoma cases discussed above, we have grave constitutional concerns about passage of legislation by the Nebraska Legislature after midnight on the ninetieth legislative day.
The split decision of the Oklahoma Supreme Court is distinguishable from the present situation in a number of ways:
 1. The Oklahoma Constitution Differs from the Nebraska Constitution.
The constitutional provision in question in Davis and Bellmon (like article III, § 10 of the Nebraska Constitution) limited legislative sessions to ninety legislative days. However, unlike the Oklahoma Constitution the Nebraska Constitution expressly provides a mechanism for extending the session "by a vote of four-fifths of all members elected to the Legislature. . . ." Neb. Const. art. III, § 10. In Davis, the court stated, "In our Constitution, we have found no express or implied prohibitionor limitation upon the power of the Legislature to extend the length of a legislative session past midnight of the ninetieth day." Davis, 721 P.2d at 793 (emphasis added). In contrast, the Nebraska Constitution provides a mechanism for extending the session beyond ninety legislative days. In our opinion, this provision impliedly prohibits extending the session without a vote.
 2. The Legislature has Officially Interpreted a "Legislative Day" as a Calendar Day.
Article III, § 10 of the Nebraska Constitution provides that "the Legislature shall determine the rules of its proceedings. . . ." Although a legislative rule cannot supersede a constitutional provision, it can help determine proper interpretation of a constitutional provision. See State ex rel.Johnson v. Hagemeister, 161 Neb. 475, 480, 73 N.W.2d 625 (1955).
Rule 7 of the Nebraska Legislature provides,
 The Legislature shall remain in session until it shall adjourn sine die, but in no event shall it remain in session for longer than ninety (90) legislative days in odd-numbered years or sixty (60) legislative days in even-numbered years. This limitation may be suspended by a four-fifths vote of the elected senators. Each day the Legislature convenes shall be considered a legislative day.
(Emphasis added). The phrase "each day" in the final sentence of Rule 7 can only mean a calendar day. As the court stated in Davis, "`The word `days,' when not qualified, means in ordinary and common usage calendar days.'" Davis, 721 P.2d at 791-792
(quoting Indian Tribes v. United States, 279 U.S. 655, 679,495 S.Ct. 463, 466 (1929)).
Rule 7 was discussed in 79-80 Report of the Attorney General 135 (April 19, 1979) by former Attorney General Paul Douglas. That opinion likewise concluded Rule 7 refers to calendar days. That opinion stated,
 This definition by the Legislature of the phrase, `legislative day,' is not necessarily controlling on an issue of constitutional interpretation, however, courts are hesitant to depart from settled legislative construction. (Citation omitted). Legislative construction of a constitutional provision is entitled to great weight. Stahmer v. State, 192 Neb. 63, 218 N.W.2d 893 (1974).
Id. at 136 (emphasis added).
Further supporting this interpretation is a proposed amendment to Rule 7 appearing in the Nebraska Legislative Journal, eighty-ninth day, June 1, 1995, p. 2724. The proposed amendment would redefine legislative day from "each day the legislature convenes to "the twenty-four hour period from the time the Legislature convenes for transaction of daily business." The proposal clearly indicates that Rule 7 currently defines legislative day as a calendar day.
 3. The Nebraska Supreme Court Strictly Construes Time Deadlines.
In State ex rel. Wieland v. Beermann, 246 Neb. 808,523 N.W.2d 518 (1994), the court ordered the Secretary of State to remove four duly proposed constitutional amendments from the November 8, 1994, general election ballot because the Executive Board of the Legislative Council of the Nebraska Legislature submitted explanatory statements to the Secretary of State one day late (according to the Court's interpretation of thestatutory deadline). Here, the Legislature faces a constitutional
deadline for enacting legislation. If only a few months ago our State Supreme Court would remove four proposed constitutional amendments from the ballot because the Legislature violated astatutory deadline, it is inconceivable to us that the Court would tolerate the violation of a constitutional deadline.
Conclusion
Any legislation adopted after midnight on June 8, 1995, would be in serious jeopardy of constitutional challenge and rejection as violative of Article III, § 10 of the Nebraska Constitution which limits the length of legislative sessions. If the business of the Legislature cannot be completed by midnight on June 8, 1995, and more time is needed, we would urge the Legislature to vote to extend the legislative session as specifically authorized by Article III, § 10 of the Nebraska Constitution.
Sincerely,
 Don Stenberg ATTORNEY GENERAL
 Steve Grasz Deputy Attorney General
APPROVED BY:
Don Stenberg 
Attorney General