## In re Grievance of Troyse, et al.

[460 A.2d 469]

No. 45-81

Present: Billings, C.J., Hill, Underwood and Gibson, JJ., and Keyser, J. (Ret.), Specially Assigned

Opinion Filed April 5, 1983

*Putter & Unger Associates* and *Michael R. Zimmerman,* Montpelier, for Plaintiffs-Appellants.

*John J. Easton, Jr.,* Attorney General, and *J. Scott Cameron,* Assistant Attorney General, Montpelier, for Defendant-Appellee.

**Billings, C.J.** This is an appeal by grievants Emery and Roy, from a decision of the Vermont Labor Relations Board denying their claims for office allowance pursuant to the collective bargaining agreement between the State of Vermont and the Vermont State Employees' Association, Inc. (hereinafter VSEA).[1] Grievants, both of whom were at all times relevant to this appeal employed by the Vermont Department of Agriculture (hereinafter Department), contend that the Board either misapplied the contractual requirements or imposed

---

[1] Prior to argument here, a stipulated settlement was reached between the State and VSEA, resulting in the dismissal of the State's cross-appeal of grievant Atwood's award of office allowance, as well as the appeal of one of the original employees, Troyse. Therefore, the only appeals for our determination are those of grievants Emery and Roy.

new requirements not found in the contract and thus wrongfully denied their claims.

The contractual provision upon which grievants based their claims is Article XLI of the collective bargaining agreement, effective July 1, 1979, through June 30, 1981. The pertinent language is as follows:

Employees

(a) who are required by the appointing authority to dedicate office space in their homes for the purpose of conducting State business, and have telephones in their homes, the numbers of which are provided to the public for the purpose of conducting State business, and

(b) whose home office spaces would have qualified for a deduction as to office space under federal income tax laws in force on July 1, 1976

shall receive a monthly allowance of seventy-five dollars, effective July 1, 1979, increased to one hundred dollars, effective July 6, 1980. This allowance shall be in addition to their base pay and shall be considered full compensation for all costs and inconveniences incurred as a result of maintaining offices at home in accordance with the above provisions.

The failure of the State to publish telephone numbers shall not be the sole basis for denying office allowance under this Article.

The unambiguous language of Article XLI provides that employees shall be entitled to an office allowance if certain conditions are satisfied. First, the employees must be required by their appointing authority to dedicate office space in their homes for the purpose of conducting state business. In accordance with its prior decisions, the Board construed this requirement to be either actual or constructive: if the job responsibilities by their nature, or the absence of other adequate work space, compel the employees to use work space in their homes, then they are deemed constructively required to do so.

Second, the employees must be required to have telephones in their homes, the numbers of which are provided to the public for the purpose of conducting state business. The third contractual criterion is that the employees' home office space

would have qualified for a deduction under the federal income tax laws in force on July 1, 1976. However, the Board ruled, and the parties agree, that this criterion introduces no conditions which are not already required by the first criterion, above.

The parties agree that grievant Emery's claim is limited to the period commencing July 1, 1979, and ending June 30, 1981, that grievant Roy's claim runs from July 1, 1979, to his retirement on June 1, 1980, and that during these time periods the above contract provision controlled. It is further agreed that during the relevant periods both Emery and Roy had telephones in their homes, both submitted and were denied requests for office allowances, and each followed the grievance procedures outlined in the contract. Since their eligibility for an office allowance depends on the peculiarities of their individual work situations, we will review the facts as found by the Board for each grievant separately.

During the relevant period Emery was employed as a dairy inspector supervisor, responsible for the eight dairy inspectors throughout Vermont. In a more limited fashion, he also acted as a dairy inspector assigned to the northeast portion of the state. He was provided with an office in Montpelier, and in a typical workweek spent one eight-hour day in Montpelier, close to thirty hours on the road, and approximately two hours in his home, where he set up work space in the dining room and basement. His work at home consisted mainly of completing daily activity reports and filling out expense account vouchers. His telephone was listed with the Department, and each week he made seven to ten work-related calls and received approximately fifteen to twenty such calls.

At no relevant time had Emery been given a direct order to dedicate office space in his home, and the Board concluded that he was not constructively required to do so, either. In this regard, the Board noted that the Department furnished Emery with adequate office space in Montpelier from which he could have conducted those two hours of work which he handled at home. The Board further found that grievant's use of his home space was motivated by his personal convenience, and was neither compelled by the state nor required for the state's benefit. Having found that Emery failed to meet the

first criterion of Article XLI, the Board denied him an office allowance.

As we have recently stated, administrative findings shall not be set aside unless clearly erroneous, and they will not be so found if there is any credible evidence fairly and reasonably supporting them. *In re Muzzy*, 141 Vt. 463, 470–71, 449 A.2d 970, 973 (1982) (citing *In re Young*, 134 Vt. 569, 570, 367 A.2d 665, 666 (1976), and *Seaway Shopping Center Corp. v. Grand Union Stores, Inc.*, 132 Vt. 111, 118, 315 A.2d 483, 486 (1974)). On this record we cannot say that the Board's findings are clearly erroneous. Nor are we persuaded that the Board erroneously applied the contractual criteria to grievant's factual situation. Having found that grievant was neither actually nor constructively required to set up office space at home, the Board correctly denied him an office allowance.

We turn next to grievant Roy's factual situation. Roy was employed as an agricultural development specialist until his retirement on June 1, 1980, although at times he also acted as a market inspector in connection with the federal egg and apple inspection programs. As a development specialist he worked primarily in public relations, promoting agricultural development in Vermont. During a regular workweek he spent thirty-five hours on the road, usually in southern Vermont, and five hours working in his home. Although the Department never actually required him to maintain office space in his home, he was told that his home was his "official duty station," and he was provided with no other work space.

During the five hours he worked at home, grievant used a separate room specifically for work activities. There, he spent approximately two hours on the telephone, making and taking about six work-related calls per week. His telephone number was listed in a variety of Department publications, as well as the public telephone directory. The remaining three hours per week were spent making out reports, reviewing federal regulations and doing filing. The Board found that Roy did "some work-related activities at home," stating somewhat ambiguously that grievant "was required to use some space (less than office space would constitute) at his home and to

be available by telephone, no more no less." In ruling on grievant's claim, the Board concluded that the "portion of his time spent [working at home] does not rise to the level of inconvenience contemplated as compensable under Article XLI," and so denied the office allowance.

Grievant Roy correctly argues that in so ruling the Board introduced a new criterion—a "degree of inconvenience test"—for which no support appears either in the contract or in the Board's prior decisions construing Article XLI and its predecessors. Indeed, the Board did more than merely consider this hitherto unknown criterion: it squarely based its denial of grievant's claim upon it. This it was not permitted to do. The Board was required to apply the criteria as set forth in the agreement, and it was error to go beyond the document's plain language and introduce a new and unfounded element as the basis for its decision. *In re Muzzy, supra,* 141 Vt. at 474, 449 A.2d at 975.

For this reason the Board's order with respect to Roy must be reversed, and the cause remanded for proper adjudication based solely upon the contractual criteria.

*Affirmed as to grievant Emery, reversed and remanded as to grievant Roy.*