**In re Paul Handy, d/b/a Handy's Superette**

[481 A.2d 1051]

No. 83-354

Present: Billings, C.J., Hill, Underwood, Peck and Gibson, JJ.

Opinion Filed August 3, 1984

*John J. Easton, Jr.,* Attorney General, and *William Griffin,* Chief Assistant Attorney General, Montpelier, for Plaintiff-Appellee.

*Michael Marks* of *Lisman & Lisman,* Burlington, for Defendant-Appellant.

**Billings, C.J.** Defendant-appellant appeals a decision by the Vermont Liquor Control Board (Board) suspending the defendant's second class liquor license for a period of ten days.

On June 3, 1983, the Board, pursuant to 7 V.S.A. § 236, notified the defendant that a hearing would be held to consider testimony regarding the defendant's alleged violation of general regulation 12 of the Board. That regulation prohibits a liquor licensee from selling or furnishing alcoholic liquor to a person under eighteen years of age. See also 7 V.S.A. § 222(2) (second class licensee shall not sell malt or vinous beverage to a minor). At the hearing the State presented evidence that an employee of the defendant had sold a 12-pack of beer to a sixteen year old. The defendant, while not contesting the unlawful sale, presented evidence designed to show mitigating circumstances. On June 25 the Board issued its findings, conclusions and decision to suspend the defendant's license. On motion of the defendant, the Board voted to stay its suspension of the defendant's license pending this appeal. 3 V.S.A. § 815.

On appeal, the defendant does not contest the Board's finding that he violated general regulation 12, nor does he take issue with the Board's discretionary right to suspend his license.

Rather, the defendant challenges one of the eight findings made by the Board. The challenged finding states that "[t]he record of this licensee indicates that three letters of warning have been issued by the Department of Liquor Control regarding sales to minors." The defendant argues, and the State concedes, that there is no evidence in the record to support this finding. Further, he argues that if the Board took judicial notice of the prior warnings, he should have been provided with notice and an opportunity to present evidence on this issue.

■■ An action of an administrative agency is presumed valid. *In re Young*, 134 Vt. 569, 570–71, 367 A.2d 665, 666 (1976) (per curiam). Findings of the agency in support of its action will not be set aside unless clearly erroneous. *In re Troyse*, 142 Vt. 612, 616, 460 A.2d 469, 471 (1983).

■ Were we to disregard the challenged finding, the decision by the Board to suspend the defendant's liquor license is nevertheless amply supported by the remaining findings, which the defendant does not contest. The Board explicitly found that an employee of the defendant sold a 12-pack of beer to a sixteen year old. The Board also found that the defendant conceded the fact of the sale. Because these findings alone are sufficient to support the decision of the Board, the challenged finding, even if error, is harmless. *Town of Lyndon* v. *Burnett's Contracting Co.*, 138 Vt. 102, 107, 413 A.2d 1204, 1206 (1980).

■ 3 V.S.A. § 810(4) of the Administrative Procedure Act provides that a state agency may take official notice of "judicially cognizable facts" in contested cases. See also *Carson* v. *Department of Employment Security*, 135 Vt. 312, 315, 376 A.2d 355, 358 (1977) ("[a]dministrative agencies, as a necessary adjunct to their quasi-judicial duties, have the authority to take official notice of judicially cognizable facts"). 3 V.S.A. § 810(1) provides that "[t]he rules of evidence as applied in civil cases . . . shall be followed" in contested cases. Under V.R.E. 201(b) "[a] judicially noticed fact must be one not subject to reasonable dispute in that it is . . . (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." The Board may take official notice of a judicially cognizable fact whether requested

or not, V.R.E. 201(c), and may do so at any stage of the administrative proceeding. V.R.E. 201(f). When a party to the proceeding has not requested the opportunity to be heard concerning "the propriety of taking" official notice "and the tenor of the matter" to be noticed at the time of the proceeding, that party may then request the opportunity to be heard "after [official] notice has been taken." V.R.E. 201(e). Lastly, 3 V.S.A. § 809(g) provides that "[f]indings of fact shall be based exclusively on the evidence and on matters officially noticed."

██ Here, the Board drew upon its own internal records in taking notice that the defendant had been issued prior warnings concerning sales to minors. Defendant does not contest on appeal the accuracy of the findings; presumably, had he been provided with prior notice that his past record with the Board was going to be officially noticed, he would not have contested the accuracy of the record at the time of the hearing either. Defendant's argument with the finding revolves around the influence his past record may have had on the Board's choice of a penalty, that "absent reliance upon the alleged prior record, the Appellant apparently would not have had his license suspended." At the same time, however, the defendant acknowledges the Board's discretionary power to choose the penalty for an infraction of its regulations. See 7 V.S.A. § 236 (the Board "shall have power to suspend or revoke any permit or license . . . in the event the [licensee] . . . [is] in violation . . . of any rule or regulation prescribed by" the Board). Even if the Board's choice of a penalty was influenced by its past recorded experience with the defendant, we fail to see the error. " '[T]he relation of remedy to policy is peculiarly a matter for administrative competence . . . .' That competence could not be exercised if in fashioning remedies the administrative agency were restricted to considering only what was before it in a single proceeding." *NLRB* v. *Seven-Up Bottling Co.,* 344 U.S. 344, 349 (1953) (quoting *Phelps Dodge Corp.* v. *NLRB,* 313 U.S. 177, 194 (1941)). We hold that the Board's records of past infractions of its licensees is a judicially noticeable fact under V.R.E. 201(b).

██ In addition, we note that, pursuant to V.R.E. 201(e) as it applies to an administrative proceeding in a contested

case, the defendant could have, upon receipt of the Board's order, requested the Board to hear further argument concerning the propriety of taking official notice and of the fact so noticed. This defendant did not do.

*Affirmed.*