### In re Kenneth J. Tweer, Sr.

[498 A.2d 499]

No. 84-018

Present: **Allen, C.J., Hill, Peck, Gibson and Hayes, JJ.**

Opinion Filed June 7, 1985

*John J. Easton, Jr.*, Attorney General, and *William Griffin*, Chief Assistant Attorney General, Montpelier, for Plaintiff-Appellee.

*Stephen L. Klein* and *Mary B. Munger*, Rutland, for Defendant-Appellant.

**Allen, C.J.** This case is an appeal from a decision of the Vermont Liquor Control Board, finding the appellant in violation of the Board's General Regulations, and suspending the appellant's license to sell alcoholic beverages for fifteen days. The appellant was found to have been in violation of General Regulations 12 and 19, prohibiting the sale of alcoholic liquor to, respectively, persons under eighteen years of age, and persons apparently under the influence of liquor. The charges arose from the investigation of an automobile accident resulting in the death of the purchaser, Gary White.

The appellant first challenges the Board's finding that White was "apparently under the influence of intoxicating liquor." The testimony of one of White's companions, Melissa Shepard, indicated that White was "wobbling around, having trouble standing, slurred words," while at the Rutland County Fair before making the alleged purchase. Just before getting into an automobile to drive from the fair to the appellant's store, he "was having a hard time walking," and had to hold onto someone else in order to stand up. Upon arrival at the store, "when he got out of the car he got out o.k., but when he started walking he was wobbly."

When he got back from the store, he was "still sort of wobbly." About three minutes passed between leaving the fair and arriving at the store. Through the store window, Melissa saw White put a twelve-pack of beer on the store counter.

Another of White's companions, James Beane, testified that White, just before entering the store, "was staggering," and that "his voice was slurred." The appellant's employees testified that they had no recollection whatever of Gary White.

The appellant contends, and the State does not dispute, that General Regulation 19 is not a "strict liability" regulation. The prohibition of sales to a person "apparently" under the influence of liquor requires that the purchaser's intoxication be observable. *Division of Alcoholic Beverage Control* v. *Bruce Zane, Inc.*, 99 N.J. Super. 196, 201, 239 A.2d 28, 31 (App. Div. 1968). Moreover, the observation must be made by the one selling the liquor. It is not enough that the purchaser's intoxication was apparent to someone else. The seller, of course, is not permitted to close his eyes to that which is apparent. The seller has a duty to observe that which is observable to a reasonable person. See *People* v. *Johnson*, 81 Cal. App. 2d Supp. 973, 975, 185 P.2d 105, 106 (Dep't Super. Ct. 1947).

■ Upon appeal from findings of an administrative agency, the appellant must demonstrate that the findings are "clearly erroneous." *In re Handy*, 144 Vt. 610, 612, 481 A.2d 1051, 1052 (1984). The issue here is whether it was clearly erroneous for the Board to find that a reasonable seller should have observed a buyer's intoxication, where the buyer's intoxication was apparent to others immediately before and immediately after the sale. The appellant contends that White can be assumed to have maintained "an aura of sobriety" while in the store for the short period of time necessary to effect the purchase, and that in the absence of direct evidence that White exhibited symptoms of intoxication during the purchase, the finding is unsupported by the evidence.

■ We disagree. "Intoxication may be evidenced circumstantially by prior or subsequent condition of intoxication within such a time that the condition may be supposed to be continuous." *Ackerman* v. *Kogut*, 117 Vt. 40, 44, 84 A.2d 131, 134 (1951). In that case, a finding of a violation of Regulation 19 (then Regulation 18) was upheld in the absence of any direct evidence that the bartender actually observed her customer's intoxication:

True enough, there is no direct evidence that Willette was apparently under the influence of intoxicating liquor at the precise moment that beer was served to him. Yet the picture painted before the jury indicated a state of gross drunkenness over all and at the time he was in the Champlain Grill. . . . To our mind the jury found not only the probable fact, but the highly probable fact, when it concluded that [Willette] "showed his liquor" at the appropriate time.

*Id.*

Although the only direct evidence of White's apparent intoxication related to his behavior while just outside the store immediately before and after his purchase, the same inference as that permitted in *Ackerman* was made here. As in *Ackerman*, the finder of fact here inferred that the customer's intoxication was apparent to the seller of liquor from the customer's obvious intoxication immediately before and immediately after the sale. That inference was not clearly erroneous.

The appellant next contends that the evidence of White's age was insufficient. At the hearing, the liquor inspector who investigated the sale testified as to White's date of birth. The appellant contends that this testimony was hearsay. However, appellant's failure to object to this testimony, coupled with his use of White's age in his closing argument, precludes review of the alleged error. *In re Johnston*, 145 Vt. 318, 321, 488 A.2d 750, 752 (1985).

*Affirmed.*