**Mark A. DOUSTOUT, Plaintiff,**

v.

**G.D. SEARLE & CO., Defendant.**

**Civ. No. 88–0019–P.**

United States District Court,
D. Maine.

May 4, 1988.

---

Anthony K. Ferguson, Lewiston, Me., for plaintiff.

Barbara H. Brown, Peter W. Culley, Portland, Me., for defendant.

## MEMORANDUM OF DECISION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

GENE CARTER, District Judge.

### I. Introduction

Plaintiff filed the instant action seeking to recover for loss of marital consortium. He alleges that his wife, Dawn Moore, was injured when she used an intrauterine birth control device manufactured by Defendant.

---

1. The Court is entitled to take judicial notice of all related proceedings and records in cases before the same court. F.R.Evid. 201(b); *Mac-*

Defendant has moved to dismiss Plaintiff's action, on the grounds that Plaintiff was not married to Dawn Moore at the time of her injury, and therefore is not entitled to recover for loss of consortium. For reasons stated more fully herein, the Court grants Defendant's motion.

### II. Analysis

Plaintiff's Amended Complaint alleges that in May, 1980, Dawn Moore had an intrauterine birth control device ("IUD") inserted; that Plaintiff and Dawn Moore were married on April 16, 1982; and that on July 29, 1982, Dawn Moore underwent surgery for complications arising from her use of the IUD.

Dawn Moore's own Complaint, filed in a separate action (*Dawn Moore v. G.D. Searle & Co.*, Civil No. 87–0360–P), alleges that on November 4, 1981, she was hospitalized and underwent surgery to remove the IUD and to treat difficulties related to it.[1]

Maine law, applicable in this diversity action, unequivocably bars a person from recovering, under a loss of consortium theory, for injuries his or her spouse suffers before marriage. *Sawyer v. Bailey*, 413 A.2d 165 (Me.1980). To determine whether a cause of action for loss of consortium is barred under the *Sawyer* rule, the Court must determine when the injuries underlying the action occurred and, accordingly, when the cause of action accrued. A cause of action accrues when the plaintiff suffers a judicially cognizable injury. *Williams v. Ford Motor Co.*, 342 A.2d 712 (Me.1975).

This Court has recently ruled that the "judicially cognizable injury" underlying a loss of consortium action "occurs" when the injured spouse (or future spouse) suffers an injury, likely caused by the defendant, and has sufficient knowledge of the injury and its probable cause to protect his or her legal rights by filing for legal relief. *Kelleher v. Boise Cascade Co.*, 676 F.Supp. 22 (1988). This rule of accrual applies even if the injured party did not

*Millan Bloedel Ltd. v. Flintkote,* 760 F.2d 580 (5th Cir.1985).

know the full scope of his or her injuries at the time of the initial insult. *Id.*

In *Kelleher*, the plaintiff suffered lung damage after allegedly breathing toxins while diving in defendant's run-off tank. He was treated immediately after the dive for breathing difficulties, and suffered complications for years thereafter. He was married approximately one year after his dive.

In her legal action, his wife sought to recover for loss of consortium, alleging that even though the initial insult occurred before marriage, complications arose thereafter, constituting separate legal injuries and entitling her to relief. This Court dismissed the wife's claims, finding that her husband's injury occurred immediately after his dive, when he first became aware that he was injured, and not later when complications arose. Because the dive was before the wedding, the Court found, the wife's claims were barred by *Sawyer*.

■ The identical result is warranted here. Dawn Moore knew of her injuries on November 4, 1981, when she was hospitalized to have the IUD surgically removed because of painful complications. She knew, or should have known, that the injuries were likely caused by Defendant, the manufacturer of the IUD.

Therefore, even though she continued to suffer complications from the IUD after its removal, her judicially cognizable injury occurred in November, 1981. Because Plaintiff did not marry Ms. Moore until four months later, his cause of action for loss of consortium is barred by *Sawyer*. The complications that arose after marriage in 1982 were not, for the purposes of Plaintiff's loss of consortium action, separate judicially cognizable injuries.

### III. Order

Accordingly, the Court ORDERS that Defendant's Motion to Dismiss be, and it is hereby, GRANTED; Plaintiff's Complaint is hereby DISMISSED.