412 S.E.2d 473

**In the Matter of Meredith
M. BREEDLOVE.**

No. 20091.

Supreme Court of Appeals of
West Virginia.

Submitted Sept. 18, 1991.

Decided Dec. 6, 1991.

Peter A. Hendricks, Madison, for appellant.

Andrew F. Tarr, Asst. Atty. Gen., Charleston, for Dept. of Motor Vehicles.

BROTHERTON, Justice:

On August 22, 1990, the Circuit Court of Boone County reversed a decision of the Commissioner of the Division of Motor Vehicles revoking Meredith M. Breedlove's license to drive in West Virginia for a period of ten years. Mr. Breedlove had been arrested for second-offense driving under the influence of alcohol. On appeal, the appellant, the Commissioner of the Division of Motor Vehicles, claims that the circuit court erred in reversing the revocation of Mr. Breedlove's license. After reviewing the record and the questions presented, this Court agrees and reverses the decision of the circuit court.

On May 24, 1988, Sergeant H.F. Woodyard of the West Virginia Department of Public Safety observed a yellow Ford Bronco being driven in an erratic manner. He stopped the vehicle, and upon questioning the driver, Meredith M. Breedlove, detected

the odor of alcohol. Sergeant Woodyard asked Mr. Breedlove to exit the vehicle, and when he did, Mr. Breedlove stumbled and staggered. Sergeant Woodyard proceeded to administer a field sobriety test, which Mr. Breedlove failed. Sergeant Woodyard then placed Mr. Breedlove under arrest for driving a vehicle under the influence of alcohol.

Sergeant Woodyard subsequently transported Mr. Breedlove to the Boone County Jail for administration of a secondary chemical test to determine the presence of alcohol. For reasons which are not absolutely clear, Mr. Breedlove would not, or could not, produce a sufficient breath sample for the chemical test machine, an intoxilyzer, to function properly. Sergeant Woodyard then asked Mr. Breedlove if he would submit to a blood test. Mr. Breedlove agreed, and a blood test was performed at the Boone Memorial Hospital. The blood test showed that Mr. Breedlove's blood contained an alcohol concentration of .18 by weight. That alcohol concentration exceeded the minimum .10 required by *W. Va. Code*, 17C–5A–1, *et seq.*, for revocation of an operator's license.

On May 24, 1988, Sergeant Woodyard submitted the statement required by *W. Va. Code*, 17C–5A–1, to the Commissioner of the Division of Motor Vehicles. Upon receiving that statement, the Division conducted a search of its files to determine whether Mr. Breedlove had had previous license revocations for driving under the influence of alcohol. The search was required by the provisions of *W. Va. Code*, 17C–5A–4. During the search, the appellant Commissioner found that Mr. Breedlove's license had been previously revoked on May 25, 1988, for driving under the influence on December 17, 1987.

Based upon Sergeant Woodyard's statements, as well as the search of the Division's files, the appellant Commissioner, on June 1, 1988, issued an order revoking Mr. Breedlove's license to drive for a period of ten years in accordance with the provisions of *W. Va. Code*, 17C–5A–2(i).

Following the revocation of his license, Mr. Breedlove requested an administrative hearing before the Division of Motor Vehicles. That hearing was conducted on October 25, 1988.

At the hearing, the hearing examiner took judicial notice of the fact that Mr. Breedlove had been previously convicted for driving under the influence of alcohol on December 17, 1987. Mr. Breedlove objected to the taking of judicial notice of the previous conviction and took the position that it was necessary that the State introduce evidence to establish the existence of the first license revocation. The hearing examiner overruled Mr. Breedlove's objection and stated that the Commissioner, under the law, was required to search the Division's files for previous license revocations and, in effect, took the position that what was revealed during the search could properly be considered during the hearing.

At the conclusion of the hearing, the Commissioner, by final order entered July 14, 1989, upheld the revocation of Mr. Breedlove's license for a period of ten years on the ground that he had been guilty of second offense driving under the influence of alcohol. In the order revoking the license, the Commissioner noted that counsel for Mr. Breedlove had objected to the Department of Motor Vehicles taking judicial notice of the prior revocation of Mr. Breedlove's license. The Commissioner ruled:

> This objection is without merit. The Commissioner of the Department of Motor Vehicles is required by W.Va.Code 17C–5A–1, *et seq.*, to cause a search of the file of the Department to be made and to enter an Order for the appropriate period of revocation. The Commissioner is without discretion and must follow the language of the Code.

On July 28, 1989, Mr. Breedlove petitioned the Circuit Court of Boone County for an appeal of the Commissioner's final order. In his petition, he alleged that the hearing examiner for the Division of Motor Vehicles had improperly taken judicial notice of his previous conviction. He argued that the previous conviction had to be affirmatively proven by proper evidence and

was not a matter of which judicial notice could be taken.

On August 13, 1990, a hearing was held before the circuit court, and on August 22, 1990, the circuit court entered a final order. In the final order the circuit court reversed the decision of the Commissioner. Although the circuit court made no independent findings of fact or conclusions of law, it appears that the court accepted Mr. Breedlove's argument that the Commissioner could not properly take judicial notice of a prior license revocation and could not use such notice as a basis for a second-offense revocation.

In the present appeal, the Commissioner takes the position that the prior conviction for driving under the influence is a matter of which she properly could take judicial notice and the fact that *W. Va. Code*, 17C-5A-4, requires a mandatory search of the records for previous convictions, read in conjunction with *W. Va. Code*, 17C-5A-2, which requires a license revocation for an enhanced period if an individual's license has been previously suspended or revoked, authorizes the Commissioner to revoke a license for an enhanced period upon the search revealing the previous conviction. The Commissioner, in effect, argues that evidence of the previous conviction does not have to be independently introduced during the proceedings in the second-offense case.

In adopting Rule 201 of the West Virginia Rules of Evidence, this Court provided that judicial notice may be taken of an adjudicative fact at any stage of a proceeding subject to the Rules of Evidence. The rule specifically provides that:

(a) *Scope of Rule.*—This rule governs only judicial notice of adjudicative facts.

(b) *Kinds of Facts.*—A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.

The rule further makes judicial notice mandatory if requested by a party and supplied with necessary information.

West Virginia's Rule 201 is substantially the same as Rule 201 of the Federal Rules of Evidence. In interpreting the Federal rule, a number of Federal courts have recognized that an adjudicative body may take judicial notice of facts contained within the body's own files. For example, in *In re Harlow Properties, Inc.*, 56 B.R. 794 (Bankr. 9th Cir.1985), the Ninth Circuit recognized that a bankruptcy court has authority to take judicial notice of a district court order referring all bankruptcy cases and proceedings to the bankruptcy judge in determining the bankruptcy court's jurisdiction to order the sale of a home place. Similarly, in *Doustout v. G.D. Searle & Co.*, 684 F.Supp. 16 (D.Me.1988), it was recognized that in a products liability action brought by a husband for loss of marital consortium from injury to his wife by an IUD manufactured by the defendant, judicial notice of the plaintiff's wife's complaint in her own suit against the IUD manufacturer was appropriate. In *Detroit Audubon Society v. City of Detroit*, 696 F.Supp. 249 (E.D.Mich.1988), the court took judicial notice of other court proceedings and found that such was appropriate, even where the requirements of res judicata had not been met, if the other actions had a direct relation to the matter at issue. Similarly, in *Green v. Warden, U.S. Penitentiary*, 699 F.2d 364 (7th Cir.1983), *cert. denied* 461 U.S. 960, 103 S.Ct. 2436, 77 L.Ed.2d 1321 (1983), it was found that it was appropriate for a court to take judicial notice of an enormous number of actions filed by the appellant in various federal courts in recent years. Likewise, in *United States v. Author Services, Inc.*, 804 F.2d 1520 (9th Cir.1986), it was found appropriate for a court to take judicial notice of facts developed at a hearing on the same issue in a related case where no new facts would be presented at the new hearing in the different case.

At least two state courts with rules substantially the same as the Federal rule have recognized that judicial notice may be taken of facts developed in prior or ancillary proceedings in the same court. *State v. Akana*, 68 Haw. 164, 706 P.2d 1300

**282**

(1985); *In re Handy,* 144 Vt. 610, 481 A.2d 1051 (1984). In syllabus point 1 of *State v. Akana,* the Hawaii court stated:

> The trial court was mandated, under Rule 201(d), Hawaii Rules of Evidence, to take judicial notice of its own records of another case where a party so requested, the file was in the court's immediate possession, and the same court had recently taken action in that case.

In that case, an individual who was on probation plead guilty to promoting prison contraband, a felony in Hawaii. The state, in a probation proceeding, requested that the lower court take judicial notice of the conviction. The lower court refused to take notice of the conviction, and the state appealed to the Hawaii Supreme Court. The Hawaii Supreme Court ruled that the lower court erred in failing to take judicial notice of the prior conviction. Essentially, the court found that the prior conviction was a matter of adjudicative fact which was capable of accurate and ready determination by resort to sources whose accuracy could not be reasonably questioned, that is, to court records, and that under the circumstances, the trial court erred in failing to take judicial notice of the prior conviction.

In a case somewhat similar to the one presently before this Court, the Supreme Court of Vermont, in *In re Handy, supra,* likewise ruled that it was appropriate for an administrative body to take judicial notice of a prior action taken within the same court. Specifically, in that case, a defendant was charged with infractions of Vermont's liquor control licenses. The Liquor Control Board, in addressing the question of whether the defendant's license should be suspended, took judicial notice of prior warnings issued to the defendant by the Control Board relating to sales of liquor to minors. The defendant took issue with the Board's taking notice of those facts. The Supreme Court ruled that the Liquor Control Board appropriately could take notice of the facts and found that the facts were judicially cognizable under Rule 201 of the Vermont Rules of Evidence, which was essentially the same as Federal Rule 201.

■ In the present case, this Court believes that the prior revocation of the license of Meredith Breedlove was an adjudicative fact. An appropriate and readily verifiable record of it was on file with the appellant Commissioner of the Division of Motor Vehicles. The Court believes that such a fact was an adjudicative fact within the meaning of Rule 201 of the West Virginia Rules of Evidence, and this Court believes that in a license revocation proceeding under *W. Va. Code,* 17C–5A–1, judicial notice may be taken of an adjudicative fact if the fact is not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the administrative agency, or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably questioned. The Court further concludes that in the present case Mr. Breedlove's prior conviction was a proper subject for judicial notice and that the circuit court erred in reversing the appellant's decision revoking Mr. Breedlove's license.

■ The Court foresees problems in West Virginia's law with the judicial notice of adjudicative facts where a substantial liberty interest is involved in a criminal proceeding or where attempts are made to bring in facts not generated within the particular adjudicative body involved. For this reason, the Court holds that the ruling in the present opinion is limited to the narrow situation involved in the present case, a civil license-revocation proceeding. Because of other potential circumstances, the questions involved in other cases are not addressed, and the holding is not extended to other proceedings. In particular, the holding is not extended to recidivist proceedings, where, as indicated in *State ex rel. Ringer v. Boles,* 151 W.Va. 864, 157 S.E.2d 554 (1967), a different rule prevails.

For the reasons stated, the judgment of the Circuit Court of Boone County is reversed, and this case is remanded with directions that the decision of the Commissioner of the Division of Motor Vehicles, revoking Mr. Breedlove's license for a period of ten years, be reinstated.

Reversed and remanded with directions.