VERMONT SUPREME COURT
109 State Street
Montpelier VT 05609-0801
802-828-4774
www.vermontjudiciary.org



Case No.     23-AP-159

*Note: In the case title, an asterisk (\*) indicates an appellant and a double asterisk (\*\*) indicates a cross-appellant. Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

NOVEMBER TERM,   2023

In re Einstein's Tap House LLC\*

}   APPEALED FROM:
}   Board of Liquor and Lottery
}   CASE NO. 2023-001

In the above-entitled cause, the Clerk will enter:

Licensee appeals a decision of the Board of Liquor and Lottery fining it for violating a regulation that required licensee to immediately remove or segregate any person displaying signs of intoxication from its premises. We affirm.

The Board made the following findings in its decision. Licensee holds first- and third-class liquor licenses for its premises in Burlington. In May 2022, an investigator from the Department of Liquor and Lottery, Office of Compliance and Enforcement, visited licensee's establishment for a routine inspection. Shortly after the investigator arrived, licensee's manager approached the investigator to greet him. While they were talking, the investigator noticed a male patron displaying signs of significant intoxication, such as staggering and bumping into other patrons. The investigator informed the manager of the patron's intoxication.

The investigator questioned the patron, who provided a false name. The patron said he was unable to provide identification because a friend at the bar was holding it for him. The patron told the investigator he had consumed three beers during his time at licensee's establishment. The investigator observed that the patron had bloodshot eyes and heavily slurred speech and was having difficulty standing upright. The patron eventually admitted that he was intoxicated. The investigator relayed this information to the manager and the manager escorted the patron off the premises. He was eventually identified as a minor who attended the University of Vermont. The investigator issued licensee an administrative notice of agency action. Licensee declined to pay the waiver penalty and exercised its right to a hearing before the Board.

The investigator testified at the hearing, after which licensee presented testimony from its security guard, bartender, and manager, as well as surveillance video recordings from the

evening in question.  The Board reviewed this evidence and concluded that licensee had violated General Regulation No. 17,[*] which at the time relevant to this appeal stated:

> No licensee shall allow any individual displaying such signs of intoxication [from alcohol or other substances] to stay on the licensed premises, except under direct personal supervision by a licensee or licensee employee in a segregated nonpublic area when the patron's immediate departure could be expected to pose a risk of bodily injury to the patron or any other individual.

The Board found that the patron, who was showing obvious and significant signs of intoxication, was not removed or segregated prior to the investigator's recommendation.  The Board imposed a fine of $510.  This appeal followed.

The Board is empowered by statute to promulgate and enforce regulations concerning the "furnishing, purchasing, selling . . . delivering, and possessing of alcohol."  7 V.S.A. § 104(8).  When reviewing a decision of the Board, "we presume the reasonableness and validity of a determination made within [its] expertise, and require a clear and convincing showing to overcome the presumption."  In re Cap. Inv., Inc., 150 Vt. 478, 480 (1988).  "The Board's factual findings will not be overturned unless they are clearly erroneous and there is no reasonable basis to support them."  In re Rusty Nail Acquisition, Inc., 2009 VT 68, ¶ 25, 186 Vt. 195.  "Absent compelling indications of error, interpretations of administrative regulations or statutes by the agency responsible for their execution will be sustained on appeal."  In re Cap. Inv., Inc., 150 Vt. at 482.

Viewed "in the light most favorable to the prevailing party," id. at 478, the evidence supports the Board's findings and its conclusion.  The investigator testified that he entered the bar around 12:40 a.m. and had been observing the dance floor area for a few minutes when he noticed a male patron "walking off the dance floor with what appeared to be a glass of beer in his hand."  The patron "was staggering and stumbling while he walked and was essentially physically pushing people out of his way."  The investigator approached the patron, who gave him a false name, was unable to produce identification, and stated he had consumed three sixteen-ounce beers.  The investigator testified that the patron had bloodshot watery eyes and was swaying and staggering while standing.  The patron told the investigator that he was "too drunk to be here."  The investigator testified that he had extensive training and experience in assessing signs of intoxication and that he believed the patron was significantly intoxicated.  The surveillance video recording of the investigator talking to the patron corroborates his testimony, as it shows the patron apparently swaying and at one point, nearly stumbling into the investigator.  This evidence supports the Board's findings and its conclusion that licensee violated General Regulation No. 17.

Licensee argues that the security guard who checked the patron's identification when he entered the bar, the bartender who sold him drinks, and the bar manager each testified that they did not observe any signs of intoxication.  Licensee further argues that the other video recordings it submitted into evidence show that the patron did not exhibit any signs of intoxication prior to his interaction with the investigator.  It argues that the patron's stumbling could have been due to the crowded dance floor.

---

[*]  The regulations were amended in 2023 and this text is now found in General Regulation No. 16.  Liquor Control Board Rules and Regulations, § 3(16), Code of Vt. Rules 26 020 001, https://liquorcontrol.vermont.gov/laws/regulations [https://perma.cc/4ZY9-2BPP].

These arguments are unavailing because they essentially ask this Court to reweigh the evidence on appeal. "When the evidence is conflicting, the credibility of witnesses, weight of the evidence and its persuasive effect are matters for the exclusive determination of the trier of fact." Gilbert v. Davis, 144 Vt. 459, 461 (1984). Because the Board is the trier of fact in this context, its findings "must stand if supported by credible evidence, even though there may be inconsistencies or substantial evidence to the contrary." In re Balivet, 2014 VT 41, ¶ 26, 196 Vt. 425. The Board's findings are supported by the investigator's testimony and the video recording of his conversation with the patron. Thus, the fact that licensee presented conflicting evidence and alternative explanations for licensee's behavior does not render the Board's findings clearly erroneous.

To the extent that licensee is arguing that there was insufficient time between the investigator's arrival and his observation of the patron to support a violation of General Regulation No. 17, we are unpersuaded. The record shows that the patron was at the bar for about an hour before the investigator appeared. The Board could reasonably infer from the evidence about the patron's condition that licensee should have known that the patron was intoxicated prior to the investigator's recommendation that he be removed. See In re Tweer, 146 Vt. 36, 38 (1985) ("Intoxication may be evidenced circumstantially by prior or subsequent condition of intoxication within such a time that the condition may be supposed to be continuous."). As we have previously observed, "licensees have an affirmative duty to become aware of and prevent regulatory violations." In re Rusty Nail Acquisition, Inc., 2009 VT 68, ¶ 26. They cannot avoid responsibility by simply failing to promptly notice intoxicated patrons. Id.

Affirmed.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice


_____
Harold E. Eaton, Jr., Associate Justice


_____
Nancy J. Waples, Associate Justice

3